Shook
v.
Fulton.

SHOOK *against* FULTON AND OTHERS, Executors of
PHILIPS.

Where the defendant pleads two distinct pleas, neither of which is, in itself, a defence, though both together would be; and the plaintiff replies separately, and goes to trial, and the pleas are found for the defendant, judgment shall be for him; for the cause is with him on the whole record; and the court will consider the two pleas substantially one; though, in form, two; and to avail himself of the defect, the plaintiff should demur.

ASSUMPSIT. The defendants pleaded a judgment recovered and outstanding in favor of Dubois and others, for $274 24, without concluding, *et hoc paratus est verificare per recordum ;* and then proceeded thus : " And for further plea in this behalf, by leave of the Court first had and obtained, according to the form of the statute in such case made and provided, the said defendants further say," (going on and pleading a debt to, and retainer therefor, by Fulton, one of the executors to $122 ; and then proceeding thus :) " and the said defendants, executors as aforesaid, further say they have duly and fully administered all and singular the goods and chattels which were of the said Philips, deceased, at the time of his death, which ever came to their hands to be administered, except goods and chattels to the value of $332, &c. which were not sufficient to satisfy the several debts, aforesaid due, and owing on the said judgment, and also due to the said Fulton, &c. and this, they, the said defendants are ready to verify, &c." praying judgment.

The plaintiff put in two distinct, full replications, viz. 1. *Nul tiel record,* as to the judgment ; and 2. Assets beyond what were admitted, sufficient to satisfy the plaintiff's claim. ·

A motion was made at the last ·term to bring on the trial by record upon the first replication ; but some difficulty being started as to the effect of the defendants' pleading, the Court refused to give judgment until the issue of fact should be disposed of ; and they directed that the matter should be then moved again.

It was now admitted, by both parties, that the debt due to the plaintiff was $145 01, and that the assets in the defendants' hands were no more than $163, over and above what would pay the debt due to Fulton, the executor, the sum which he claimed by his plea to retain.

*G. A. Shufeldt,* (*P. Ruggles,* same side,) insisted that, upon the form of the pleadings, the plaintiff was entitled to judgment.

*J. W. Wheeler* and *E. Williams,* contra.

*Curia.* No doubt, taking the judgment and the retainer to be pleaded separately, they would be bad. Neither would be a full answer to the palintiff's declaration. The plaintiff has treated them as distinct by putting in two separate and distinct replications; but this does not make them so. The verdict of the jury, on the state of facts before us, would be, that the testator promised as averred in the declaration ; but that the defendant, Fulton's, plea of retainer is true. Then comes the record verifying the plea of a judgment recovered, so that all the issues are in favor of the defendants. On the whole record, the cause is with them. In form, the pleas are separate ; but we cannot avoid seeing that, in substance, they are one. We will not suffer the plaintiff to entrap the defendants by taking issue in this way, going down to trial, and then coming in, on the ground of this form, to work a substantial injury to the defendants. If he considered the pleas bad in form, he should have demurred, when the defendants might have amended. Upon this state of the case, we should give judgment for the defendants. But as the plaintiff may have mistaken his course, he may withdraw his replications, and enter judgment for assets *in futuro,* on paying all the costs accrued subsequent to the filing of the replications, and the costs of this motion. If he do not elect to do this within 30 days, the defendants may then take judgment.

Rule accordingly.