AMORY AND OTHERS *against* M'GREGOR.

THIS was a special action on the case for negligence in the transportation of goods. The declaration contained two counts.

The first count stated, that the defendant, at the time of the making of the promise therein mentioned, was the owner of a ship, called the *Indian Hunter*, then in the port of *Liverpool*, in *Great Britain*, and bound to *New-Orleans;* and that the plaintiffs, on *the twenty-first of July*, 1812, at *Liverpool* aforesaid, at the special instance of the defendant, caused to be shipped on board the said ship, whereof *James L. Stevens* was master, divers goods, wares, and merchandize, to wit, nine trunks and one bale of merchandize, and 127 crates of earthenware, in good order and condition, of the value of 15,000 dollars, to be taken care of, and safely and securely carried and conveyed by the defendant to *New-Orleans*, and there to be safely and securely delivered, in the like good order and well conditioned, all and every the dangers and accidents of the seas, and navigation of whatsoever nature and kind excepted; and in consideration thereof, and of certain freight, the defendant undertook to take care of, and securely carry and convey, and deliver the goods, the dangers and accidents of the seas and navigation excepted. And although a reasonable time for carrying and delivering the said goods had elapsed, yet that the defendant, not regarding his duty nor his said undertaking, but contriving, &c. did not, nor would take care of, and safely and securely carry and convey, the goods to *New-Orleans*, and there safely and securely deliver them to the plaintiff, and although no dangers and accidents of the seas and navigation did prevent him; but that, on the contrary, the defendant so fraudulently, negligently, and carelessly, behaved and conducted himself with respect to the goods, that by, and through the mere fraud, carelessness, negligence, and improper conduct of the defendant and his agents, in that behalf, the goods became, and were totally lost to the plaintiffs.

The second count stated the delivery of the goods to the defendant, at his request, in good order and well conditioned,

*Where the day of making a contract is immaterial, it is not a ground of demurrer that the contract is illegal, by reason of its having been made on the day laid in the declaration. Whether a contract to convey goods from Great Britain to the United States, entered into during the existence of war between the two countries, is illegal? Quære.*

ALBANY,
August, 1815.

AMORY
v.
M'GREGOR.

on the said 21st of *July*, 1812, to be taken care of, and safely and securely carried and conveyed, by the defendant, in and on board of a certain other ship or vessel, from *Liverpool to New-Orleans*, there to be safely and securely delivered for the plaintiffs, for a certain freight and reward, and that the defendant undertook to take due and proper care of the same whilst he had the care and custody thereof, for the purpose aforesaid; and that, although the defendant had and received the goods, yet that, not regarding, &c. but contriving, &c. whilst he had the care and custody of the goods, took so little, and such bad care of the goods, that by and through his mere carelessness and negligence, they became, and were wholly lost to the plaintiffs.

To this declaration there was a general demurrer, and joinder in demurrer.

*Colden*, in support of the demurrer.

*D. B. Ogden*, contra.

The case was argued not only on the point of pleading, as to the materiality of the *day*, or time of making the contract laid in the declaration, but on the merits, as to the illegality of the contract; but the court having been decided on the first ground only, it is unnecessary to state the arguments of counsel. As to the first point, the following cases were cited: *Cheatham* v. *Lewis*, (3 *Johns. Rep.* 42.) *Waring* v. *Yates*, (10 *Johns. Rep.* 119.) *Vail* v. *Lewis & Livingston*, (4 *Johns. Rep.* 450.)

*Per Curiam.* This case comes before the court on a general demurrer to the declaration. And the ground upon which it has been attempted to support the demurrer is, that the day laid in the declaration is during the existence of hostilities between this country and *Great Britain*; and that, of course, the contract set forth in the declaration is void, being contrary to the laws of the *United States*. Without giving any opinion upon the validity of the contract, if, in point of fact, it was made at the time laid in the declaration, it is sufficient, in this case, to say, that the day being immaterial, the plaintiff would not be obliged to prove the contract to have been made on the day laid. Nothing appears upon the face of the declaration, show-

'ing the contract to be illegal or void.   And it is a general rule,
that a party cannot demur, unless the objection appears on the
face of the pleadings.   And so are all the cases referred to, and
relied upon, by the defendant's counsel.   In *Cheetham* v. *Lewis*,
(3 *Johns. Rep.* 42.) and *Waring* v. *Yates*, (10 *Johns. Rep.* 119.)
it appears, from the declaration, when the suit was commenced,
and that the cause of action arose afterwards.   The plaintiff
must, therefore, have judgment, with leave to the defendant,
however, to plead to the declaration.

Judgment for the plaintiff.