## COMLY *against* LOCKWOOD and others.

*Where, in an action of trespass, the defendant, under the* act *for the more easy pleading in certain suits,* (sess. 24. c. 47. s. 2. 1 R. L. 155.) pleads that the supposed trespass was done by authority of this statute of this state, without expressing any other matter or circumstance contained in such statute, the plaintiff must reply *de injuria sua propria,* concluding to the country; and a special replica-tion, conclud-ing with an a-verment, is bad.

THIS was an action of trespass, for breaking and enter-ing the store of the plaintiff, and for taking and carrying away his goods, brought against the defendant, *Lockwood,* sheriff of the county of *Orange,* and several other persons.

*Lockwood* pleaded separately, 1. Not guilty. 2. That the plaintiff ought not to have or maintain his aforesaid ac-tion thereof against him, because he said, that the said sup-posed trespasses, whereof the said plaintiff above thereof com-plained against him, were done and committed, if by the said defendant, by the authority of an act of the legislature of the state of New-York, entitled " an act for relief against ab-sconding and absent debtors," passed the 21st of *March,* in the year 1801, and this he is ready to verify, &c.

The plaintiff replied that *Haviland,* one of the defend-ants, on or before the 13th day of *July,* made oath that one *Field* was justly indebted to him, in the sum of one hundred dollars and upwards, and had departed the state, or was con-cealed, with intent to defraud his creditors, and offered proof of his departure or concealment, to *Nathan H. White,* Esq. first judge of the court of common pleas of the county of *Orange,* who thereupon issued his warrant to the sheriff of the county of *Orange,* commanding him to attach the es-tate of *Field ;* that the defendant thereupon seized the goods and chattels mentioned in the declaration, to which the

plaintiff put in a claim, whereupon the defendant summoned a jury to try the property thereof, who found the property of the same to be in the plaintiff, and the defendant then relinquished the goods to the plaintiff: that on the 22d of *July*, *Nathan H. White* issued another warrant, directed and delivered to the defendant, the former warrant still remaining in force, and not returned, and on no other proof than had been before made : that the goods which had been before restored to the plaintiff, were again seized by the defendant, which is the same trespass and taking, as are complained of and intended by the plaintiff in his declaration ; and that the defendant well knowing the premises, took and carried away the goods of the plaintiff by the said second warrant, and not under authority of the " act for relief against absent and absconding debtors," and concluded with an averment.

The defendant rejoined, that the plaintiff ought not to have or maintain his action, because he saith, that the said supposed trespasses were done and committed by the defendant, by the authority of the act entitled, &c. and concluded to the country. To this rejoinder the plaintiff demurred, assigning a number of special causes of demurrer, which, as they are not noticed in the opinion of the court, it is unnecessary to state, and the defendant joined in demurrer.

*P. Ruggles*, in support of the demurrer. The plea is bad ; and if so, it is unnecessary for the plaintiff to go further. The act for more easy pleading in certain suits, (1 *N. R. L.* 155. sess. 24. ch. 47. s. 2.) declares that persons sued for acts done by authority of any statute, may plead not guilty, or otherwise make avowry, cognizance, or justification, &c. alleging therein that such thing of which the plaintiff complains was done by the authority of such statute, without expressing any other matter or circumstance contained in such statute, &c. In this plea, nothing is stated, except that the act was done by authority of the statute. There is no fact which can be traversed, or on which issue can be taken. If the defendant makes avowry, or cognizance, he must use the proper form of such a plea. So, if he pleads

a justification, it must be in such a way as to be traver-sable.

But if this objection to the plea be not well founded, then we say that the rejoinder is defective, for it ought to have concluded with a verification, and not to the country. Wherever any new matter is introduced, on either side, the pleading must conclude with a verification, so that the other party may have an opportunity of answering it. (1 *Chitty's Pl.* 537. *Service* v. *Heermance,* 1 *Johns. Rep.* 91. 1 *Chitty's Pl.* 578. *Willes' Rep.* 100. *Comyn's Dig. Plead.* (*F.* 18.) (*F.* 24.)

*Betts,* contra. The plea contains all that the statute re-quires : if the legislature have thought proper to authorize such a plea, it is sufficient. In *Tower* v. *Cameron,* (6 *East,* 413—416.) Lord *Ellenborough* says, it is enough that it is a plea given by the statute, and that every word required by the statute is found in the plea. All the rest is matter of evidence. In *Labagh* v. *Cantine,* (13 *Johns. Rep.* 272.) this court held the plea supported by the statute, though contrary to the general rules of pleading.

If the plea is good, the rejoinder is so also. It cannot de-part from it, and may adopt the very words of the plea, (3 *Bl. Com.* 410. 1 *Chitty Pl.* 627. 2 *Chitty,* 671. *n.* 1 *Saund.* 103. *n.* 3. ;) and conclude to the country. Mat-ters allowed by statute to be given in evidence need not be put on the record. (*Henriquez* v. *Dutch W. I. Co.* 2 Ld. *Raym.* 1535.) If the several matters alleged in the repli-cation are denied, they need not be severally and distinctly put in issue, but the rejoinder may conclude to the country generally. (1 *Chitty Pl.* 629. *Com. Dig. Plead.* (H.) ) The rejoinder always concludes to the country, unless it in-troduces new matter which the plaintiff might answer. (1 *Chitty Pl.* 628.) Where the whole matter in dispute is brought to a point, the pleading may conclude to the coun-try. (*Snyder* v. *Croy,* 2 *Johns. Rep.* 428. *Patcher* v. *Sprague, id.* 462.)

But the replication is bad in form and substance. The de-fendant is, therefore, entitled to judgment. (*Gelston* v. *Burr,* 11 *Johns. Rep.* 482.)

[THOMPSON, Ch. J. When you go back to the plea of your adversary, to take advantage of its being bad, you can object only such defects as are grounds of *general demurrer.*]

Where the statute authorizes a particular mode of pleading, different from the common law, there the mode pointed out by the statute must be pursued. (*Caines* v. *Brisban, in Error,* 13 *Johns. Rep.* 9—23. *Bouton* v. *Nelson,* 3 *Johns. Rep.* 474. *Monro* v. *Alaire,* 2 *Caines,* 322. *Alsop* v. *Caines,* 10 *Johns. Rep.* 396. 2 *Burr.* 803.) Again ; the replication does not confess and avoid the plea. (*Comyn's Dig. Plead.* (G. 22.) 1 *Chitty,* 564. 600.) If the replication escapes the bar of the plea, it is by showing that the action is for other and different trespasses than those justified by the plea ; and then there should have been a new assignment ; but this replication has none of the requisite qualities of a new assignment. (1 *Saund.* 299. *c. n.* 6. 1 *Chitty Pl.* 610—613. 2 *Chitty Pl.* 653—658.) It is not necessary to plead over to a new assignment, even if this was one, any matter of justification necessarily covered by the plea. Again ; the replication does not offer issue on any one material point. (*Comyn's Dig. Plead.* (R. 18.) 1 *Chitty,* 631.) There are six distinct facts averred in the replication, neither of which, if issue had been taken thereon, would determine the cause. It ought to have concluded to the country. (2 *Johns. Rep.* 428. 467. 1 *Johns. Rep.* 516. 5 *Johns. Rep.* 112. 6 *Johns. Rep.* 33. 10 *Johns. Rep.* 51. 13 *Johns. Rep.* 172. Ld. *Raym.* 700. *Willes,* 100. n. a. 8 *Co.* 66. 7 *Term Rep.* 892. 8 *East,* 313. *Doug.* 96. 428. 1 *Burr.* 316.)

Again ; we contend, that whether the proceedings under the warrant were regular or not, the sheriff, and all persons acting under colour of his authority, are protected. (*Beach* v. *Furman,* 9 *Johns. Rep.* 229. *Warner* v. *Shed,* 10 *Johns. Rep.* 138. *Selfridge* v. *Lithgow,* 2 *Mass. Rep.* 374. *Scott* v. *Shaw,* 13 *Johns. Rep.* 378. 1 *Madd. Ch.* 12. *Cole* v. *Stafford,* 1 *Caines' Rep.* 249. 1 *Johns. Rep.* 300. *Hester* v. *Fortner,* 2 *Binney,* 40. *Jackson* v. *Delancey,* 13 *Johns. Rep.* 550. *Jackson* v. *Bartlett,* 8 *Johns. Rep.* 361.)

*Ruggles,* in reply, said, that since the statute of *Eliz.* from which our statute was copied, a precedent of such a plea was not, he believed, to be found in the *English* books. The material point in the replication is, that the property belonged to the plaintiff. That is the gist and substance of the replication, and is the point on which the plaintiff relies, and the defendant might have taken issue on it. This is not a case on which the rejoinder may help and support the plea. (1 *Saund.* 299. *Doct. Placit.* 431. *Lawes Pl.* 240. *Cowp.* 26. *Str.* 993. 2 *Saund.* 5. *n.* 3. 3 *Johns. Cas.* 107. 11 *Johns. Rep.* 175. 1 *East,* 64. 7 *Term,* 629. *n.* 2 *East,* 244.)

THOMPSON, Ch. J. delivered the opinion of the court.

This case comes before the court on a demurrer to the rejoinder. The action was trespass *de bonis asportatis.* The defendant pleaded, first, the general issue; and, secondly, that the plaintiff ought not to have and maintain his action, because the said supposed trespasses were done and committed by the authority of an act of the legislature of the state of New-York, entitled "an act for relief against absconding and absent debtors," passed the 21st of *March,* 1801, with a verification, &c. The plaintiff replied, setting forth, specially, certain proceedings commenced against *Benjamin Field,* as an absconding debtor, upon which an attachment issued, and the goods in question were seized under it, in the store of the plaintiff; that a claim of property was interposed, and a jury called to try the right, and by their inquisition found the goods in question to be the property of the plaintiff; upon which the defendant relinquished and gave up the goods to the plaintiff; that afterwards another attachment was issued upon the same proof, and without any new affidavits, and the same goods again taken; and that the last taking was the trespass complained of, and denying that the goods were taken by the defendant, under the authority of the act set forth in his plea, and concluding with a verification. The defendant rejoined in nearly the same words of his plea, without answering any of the special matter set up in the replication, and concluded to the country. To this replication there is a special demurrer.

The question presented by the demurrer must turn upon the construction to be given to the act, for the more easy pleading in certain suits. (1 *N. R. L.* 155.) By this act it is declared, that if any action shall be brought against any person for any thing done by authority of any statute of this state, the defendant may make justification for the thing done, alleging therein, that the thing whereof the plaintiff complains, was done by authority of such statute, without expressing any other matter, or circumstance, contained in such statute; to which the plaintiff shall be admitted to reply, that the defendant did the act, or *trespass*, supposed in his declaration, of his own wrong, without any such cause alleged by the defendant, whereupon issue shall be joined to be tried by a jury, and upon the trial the whole matter may be given in evidence by both parties. The object of this statute was (as it purports from the title to be,) to give a more easy mode of pleading in certain cases, than would otherwise be admissible, according to the general rules of pleading. If the plaintiff can, by his replication, draw the defendant into a special rejoinder, he will lose all the benefit intended by the statute, in giving the general pleadings therein contained. The plea pursues the very words of the statute, and as it is given by the statute, no more can be required. The facts set forth in the replication are matters of evidence, and the plaintiff must avail himself of them upon the trial. The statute, after giving this general plea, declares, that upon the trial of such issue, the whole matter may be given in evidence. If the plea is good, it follows, as matter of course, that the replication is bad; it should have pursued the directions of the statute; and as this is the first fault in the pleadings, the defendant is entitled to judgment.

NEW-YORK,<br>May, 1818.

COMLY<br>v<br>LOCKWOOD.

Judgment for the defendant.