MUMFORD and another *against* FITZHUGH and others.

THIS was an action on the *case*, for erecting a dam on    *Where there*
the *Genesee* river, turning the natural course of the stream, *is a demurrer to*
&c., and thereby overflowing the plaintiff's land.  The *the whole de-*
*claration con-*
plaintiff declared against *Elisha Johnson, Orson Seymour,* *taining several*
*counts, one of*
*Nathaniel Rochester, William Fitzhugh,* and *Charles Carroll,* *which is good,*
*the demurrer*
defendants, the said *E. J., O. S., N. R.* and *W. F.*, being in *must fail.*
*Declaration*
custody, &c. and the said *Charles Carroll* being returned *in case against*
*five defendants,*
by the sheriff of *Ontario*, &c. on the *capias ad responden-* *for turning the*
*water of a ri-*
*dum, not found,* &c. In the first count, the plaintiffs declared *ver, so as to*
*overflow the*
for the injury done to their land, fences,&c. by the overflow- *plaintiff's land,*
*and one of them*
ing of the water ; and, also, by reason of the said flooding *was not brought*
*into court; on*
and overflowing of the said waters of the said river, &c. a *special demur-*
*rer, the declara-*
certain public road or highway theretofore running by, and *tion was held*
*bad; but it*
adjoining to the said land of the said plaintiffs, and by which *would have*
*been good after*
the said plaintiffs had theretofore been accustomed to have *verdict.*
access, ingress, and regress, to and from the said land, was
rendered wholly useless and impassable.''

Two of the defendants, *W. Fitzhugh*, and *N. Rochester*,
demurred to the declaration, and assigned as causes of de-
murrer, 1. That *Carroll*, one of the defendants against whom

VOL. XVIII.          58

the plaintiffs had declared, had not been brought into Court; 2. That the declaration was, in other respects, uncertain, informal, and insufficient, &c.

*Cady,* in support of the demurrer, contended, 1. That the plaintiff could not declare against the five defendants, unless all of them were brought into Court. (*Rose v. Oliver and others,* 2 *Johns. Rep.* 365.)

2. The plaintiff, in addition to the damages claimed for the injury done to his land, cannot claim damages for a public nuisance, by the obstruction of a highway. (1 *Salk.* 112. 115. *Co. Litt.* 56. *a.* 1 *Esp. N. P. Cases,* 148.) The proper remedy for obstructing a public highway, is by indictment.

*Collier,* contra. The plaintiff states, in his declaration, that four only of the defendants were taken. The Court say, in *Rose v. Oliver and others,* that it was like declaring against *A. B. & Co. simul cum D.* In *tort,* the plaintiff may declare against all, or any of the parties; and the rule applies to actions *quasi ex delicto,* as *case.* (1 *Chitty Pl.* 75.)

As to the second objection, the demurrer is to the whole declaration, and the second count is free from all objection. There is enough, independent of the nuisance alleged, to entitle the plaintiff to recover.

SPENCER, Ch. J. delivered the opinion of the court. The demurrer is to the whole declaration, and if either count be good, the demurrer cannot be sustained. The objection that the plaintiffs sue for a public nuisance, in the obstruction of a highway, is not applicable to the second count, for it does not allege any obstruction of the highway.

On the second ground, however, the demurrer is well taken, for *Carroll* is made a defendant, although he has not been brought into court. This would be cured after verdict, as was decided in *Rose v. Oliver and others;* (2 *Johns. Rep.* 367 ) but the objection is fatal on special demurrer. The case of *Henly v. Broad,* (1 *Leon.* 41.) is in point, and

it is not overruled by the cases in 1 *Salk.* 32. and 6 *Term Rep.* 766.

Judgment for the defendants, with leave to the plaintiffs to amend, on payment of costs.