ALBANY,
August, 1822.

GIBBS
v.
BULL.

---

GIBBS and others *against* BULL, late Sheriff of *Washington* County.

Where a Sheriff was sued for taking insufficient pledges in replevin, and for taking no pledges; and there was a demurrer to one of the counts in the declaration, and issues joined on the other counts; and a judgment was given for the defendant, on the demurrer,

THE defendant was sued, as Sheriff, for taking insufficient pledges, in an action of replevin; and for taking no pledges. The declaration contained four counts. The 1st, 2d, and 3d counts were for taking insufficient pledges, and the fourth count was for not taking pledges. There were demurrers to the first, third, and fourth counts, and an issue joined on the *second* count. Judgment was given for the defendant on the demurrers, and a verdict was given in his favour on the issue, and a judgment entered thereon.

*Burr,* for the defendant, now moved, that a writ of inquiry be awarded, to assess the damages sustained by the

and a verdict found for him on the issues, on which judgment was rendered: *Held,* that the defendant was not entitled to a writ of inquiry of damages, as he had sustained no damages in the defence of the suit, except the costs: that he was not entitled to *treble* costs; but to single costs only, on the demurrer, and to double costs on the issues.

defendant in the defence, and in consequence of the suit; and he moved, also, for *treble* costs, to be taxed, under the third section of the statute. (sess. 36. ch. 96. 1 *N. R. L.* 343.)

*Walworth,* contra. He cited *Wait* v. *Durand,* 9 *Johns. Rep.* 264.

SPENCER, Ch. J. delivered the opinion of the Court.

1. The defendant is not entitled to a writ of inquiry ; for he has, in fact, sustained no damages, except the costs he has been put to. The *second* section of the act (sess. 24. ch. 47.) does not apply to a case where the defendant is entitled merely to costs. This was so decided in the case of *Gardner* v. *The Trustees of Newburgh.*

But the defendant is entitled to double costs on the issues of fact. It is conceded that he is not entitled to double costs on the demurrers. It is said that the defendant is prosecuted for an act of *nonfeasance* merely, for not taking sufficient security on the replevin. He is sued for an act done *virtute officii,* to wit, for a misfeasance in office, for taking insufficient sureties. Misfeasance consists in doing what one ought to do, improperly; (1 *Tidd's Pr.* 5.) and in *Seely* v. *Birdsall,* (15 *Johns. Rep.* 269.) where the question was, whether the act done by the sheriff was done *virtute officii,* it was held, that when, in doing an act within the limits of his authority, he exercises that authority improperly, or abuses the confidence reposed in him by law, the statute extended to such cases. The Court were then considering, whether the plaintiff was bound to prove that the cause of action arose within the county wherein it was laid, and, therefore, it was a direct construction of the act. In actions for negligent escapes, it might as well be said they were for nonfeasances. They are misfeasances, and the Sheriff would be entitled to double costs.

The motion for a writ of inquiry is denied ; and the defendant must have single costs on the demurrers, and double costs on the issues.