NEW YORK,
May, 1826.

Collet
v
Flinn

---

## COLLET *against* FLINN.

A plea, in trespass *quare clausum fregit* that a third person was seised in fee, and demised to the defendant for years, without giving express colour amounts to the general issue; and is bad on special demurrer.

On error from the C. P. of the city and county of New York. Flinn sued Collet in the court below in trespass for breaking and entering a stable, &c. The defendant below pleaded that one Hone was seised in fee of the stable; and demised it to the defendant for one year; that by virtue of this demise he entered, &c. concluding with a verification. The plaintiff below demurred specially to this plea as amounting to the general issue. The court allowed the demurrer; and rendered judgment for the plaintiff.

*J. S. Mitchell*, for the plaintiff in error, cited, 1 Chit. Pl. 494, 500, 503, 533, 566, 606; 2 id. 565, 600, 602; 2 Caines, 233; 3 Bl. Com. 311; 2 Bl. Rep. 1089.

*W. Mulock*, contra, cited 10 John. 289; 3 Salk. 272; Archb. Pl. 211; 10 Rep. 89; Doct. & Stud. 271; 3 Bl. Com. 309.

*Curia*, per SAVAGE, Ch. J. The doctrine contended for by the plaintiff in error is not denied; that when the declaration in trespass is general, the defendant may plead *liberum tenementum*, and drive the plaintiff to a new assignment. But it is denied that the plea demurred to is a plea, of *liberum tenementum*. It shows a freehold in Hone; and only a possessory right in the defendant below; and, in such cases, the plea, not giving colour to the plaintiff, amounts merely to the general issue.

It is laid down by Chitty, (1 Ch. Pl. 500,) that in trespass to lands, the plea of *liberum tenementum* gives implied colour; and if the defendant claim under a demise from the plaintiff, express colour need not be given. " But when, from the nature of the defence, the plaintiff would have no implied colour of action, the defendant cannot plead specially any matter which controverts what the plaintiff would, on the general issue, be bound to prove, without giving express colour. Thus, in trespass to land, if the defendant plead a possessory title under a demise from a third person; this plea, showing that the right of possession is in the defendant would, without giving express colour, amount to the general issue." But giving colour creates a question of law for the decision of the court, and prevents the plea from amounting to the general issue. This doctrine is supported by the adjudged cases cited in Chitty; and decides the plea to be bad. Such was the decision of the common pleas; and the judgment must be affirmed.

Judgment affirmed.(*a*)

(*a*) Vid. Stephens' Pl. 222 to 225, Phil. ed. 1824, S. P. The plea in the principal case might have been made good by giving what is called express colour. This is bare matter of form. It is introduced merely to

NEW YORK, avoid the plea's amounting to the general issue. The colour universally
May, 1826. given, in trespass *quare clausum fregit*, is, a defective charter of demise to
the plaintiff. This is not traversable; and serves merely to draw the ques-
Elmendorf tion upon the substantial parts of the defendant's plea, from the jury to the
v. court; for the plea giving express colour, the plaintiff must demur upon sub-
Lansing. stance, if any thing. This express colour is one of the most curious sub-
tilities that belong to the science of pleading. (Vid. id. 225 to 231.)