## Case No. 16,920.

### VERMONT v. SOCIETY FOR THE PROPAGATION OF THE GOSPEL.

[2 Paine, 545.][1]

Circuit Court, D. Vermont. 1827.

PLEADING — LAND GRANTS — REVERSION — BREACH OF CONDITIONS—FORFEITURE OF CROWN GRANTS —EFFECT OF REVOLUTION—RIGHTS OF STATE— ESTOPPEL AGAINST STATE.

1. On demurrer to several pleas, if any one of them going to the whole merits of the case is

1 [Reported by Elijah Paine, Jr., Esq.]

well pleaded and contains a full and sufficient answer, it will entitle the defendant to judgment.

2. At common law, nothing that lies in action, entry or re-entry, can be granted over; and, therefore, no grantee or assignee of a reversion, can take advantage of a re-entry by force of a condition broken.

3. Whether a mere right to enforce a forfeiture would result from the Revolution so as to be transferred to a state. Quære.

4. The doctrine of estoppel applies to a state as well as to private persons. Where, therefore, a state, by an act of its legislature, granted to a town forever the use of certain lands for the benefit of the town, it was *held* that the state having parted with all the interest it had in the lands, was estopped from claiming a forfeiture, by reason of a condition broken before the grant was made.

[Cited in Indiana v. Milk, 11 Fed. 397.]

5. Nor would it be a good answer on the part of the state in such case, that the grant to the town was in trust, and that the trust had been violated: the town not having been made a party to the proceedings, and the act not having been repealed, or any measures taken to resume the possession of the land on account of any breach of trust, or violation of the grant.

6. Any one may perform a condition who has an interest in it, or in the land whereto it is annexed; and if a time to perform be appointed, the purchaser may perform.

7. When a condition is once performed, it is thenceforth entirely gone, and the thing to which it was before annexed becomes absolute, and wholly unconditional.

8. Where the grant to which the condition broken was annexed, was originally made by the British government, and the title of the state grew out of the consequences of the Revolution, and the forfeiture was incurred before the state had any interest in the land, it was *held* that the performance of the condition by the town according to the terms of the original grant, subsequent to the grant made to the town by the state, saved the forfeiture.

THOMPSON, Circuit Justice. When this cause was before the court at the last October term [Case No. 16,919], it was decided that none of the breaches alleged in the scire facias were well assigned, except that which averred a non-performance of the condition; that every grantee, his heirs or assigns, should plant and cultivate five acres of land within the term of five years from the making of the grant, for every fifty acres contained in his or their share or proportion of land in said township. The defendants had leave, however, to withdraw their demurrer as to this breach, and plead thereto. Several pleas have, accordingly, been interposed, upon some of which issues in fact have been joined, and others have terminated in demurrers, either general or special.[2] We do not deem it necessary to notice all the questions which arise upon this state of the pleadings; we think they have been spun out to an unnecessary length for the purpose of presenting the real merits of the questions upon which the case must turn, and some of the pleadings would certainly not stand the test of demurrers. If any one of these pleas, however, going to the whole mer-

its of the case, is well pleaded, and contains a complete and sufficient answer to the breach, it will entitle the defendants to judgment.

We think the fourth plea contains allegations of facts which, in judgment of law, form a full and entire answer to the breach, and show that the plaintiffs cannot avail themselves of the alleged breach of the condition in the original grant. To this plea there is a general demurrer. The facts, therefore, set out in the plea are admitted as true. These facts are briefly, that until the 20th of October, in the year 1787, the land contained in said town was wholly unsettled and uncultivated. That by an act of the legislature of Vermont of that date, the selectmen of the several towns are authorized and directed to take the care and inspection of the glebe and society lands in their respective towns, and to lease the same until the end of the then septenary. And that by an act passed on the 30th day of October, in the year 1794, the legislature did grant the lands which had been granted by the British government to the Society for Propagating the Gospel in Foreign Parts, to the respective towns in which said lands lie, to their respective use and uses forever. And that in virtue of said act, the selectmen of the town of Berlin, on the 1st day of May, in the year 1795, took possession of the right of land in question, and soon afterwards did plant and cultivate five acres of said land for every fifty acres set off to the defendants, and did continue to improve and settle the same by additional cultivation. And that on the 1st day of February, in the year 1823, and before the issuing of the plaintiffs' scire facias, the town of Berlin surrendered the possession of the said proprietor's share in the said town to the defendants.

Upon these facts thus disclosed by the plea, and admitted by the demurrer to be true, the questions which arise are: 1. Whether, admitting the condition never to have been performed, the plaintiffs can take advantage of the non-performance, or claim any forfeiture by reason thereof. 2. Whether, as the condition was performed before the issuing of the scire facias, the forfeiture is not thereby saved.

Under the first question there are several points of view in which the case may be considered, which present very serious, if not insuperable, objections to the claim of forfeiture set up by the plaintiffs. The record shows that the grant bears date in the year 1763, and the cultivation required by the condition was to be made within five years from the date of the grant, but was not, in point of fact, made until the year 1795. The grant was made by and under the authority of the British government, and all the right which the state pretends to claim, grows out of the consequences of the Revolution; and whatever right this may be, it was not acquired until long after the expiration of the five years from the date of the grant. The condition was, therefore, broken, and the forfeiture incurred, before the state could pretend to claim any in-

---

[2] [See note A at end of case.]

terest in the land; and it may admit of some question, whether a mere right to enforce a forfeiture would result from the Revolution, and be transferred to the state. If the title to the territory is derived under the treaty of peace, and the state of Vermont is to be considered as standing in the character of a grantee, it would seem to be at variance with the principles of common law, which, for the purpose of discouraging maintenance and litigation, will permit nothing that lies in action, entry or re-entry, to be granted over. By the common law, no grantee or assignee of a reversion, could take advantage of a re-entry by force of a condition broken. Thus, if a man had made a lease for life, reserving a rent, &c., and a right of re-entry for non-payment, and the lessor granted the reversion over, the grantee could not take advantage of the condition. Co. Litt. 214b. And a condition indeed may be annexed to every species of estate and interest in real property, to an estate in fee as well as for life or years. Cruise, Dig. "Estate on Condition," c. 1, tit. 13, § 17. In the case of Fenn v. Smart, 12 East, 444, it was held that a forfeiture by a tenant for years in levying a fine, not having been taking advantage of by the entry of the then reversioner, to avoid the lease, could not be taken advantage of after the reversion had been conveyed away, to recover the estate in ejectment from the tenant, upon the several demises of the grantor and grantee of the reversion. So, also, it is laid down in the books as a settled rule, that none can take the benefit of a forfeiture, but he that is lord of the manor at the time of the forfeiture; and, therefore, if a copyholder maketh a feoffment, and then the lord alieneth, neither the grantor nor the grantee can take the benefit of the forfeiture, for neither a right of entry or right of action can be transferred from one to another. So, if a freeholder alienate in mortmain, and then the lord granteth away his seigniory, neither the one nor the other can ever take the benefit of the forfeiture.

But if it should be admitted that these principles do not apply to the case, and that the state of Vermont succeeded to all the rights of the crown, other obstacles growing out of the acts of the state itself are presented against the claim of forfeiture. By the act of the 30th of October, 1794, as set out in the plea, the legislature granted to the town of Berlin, forever, the use of this land for the benefit of the town. The state thereby parted with all the interest it had in these lands, and is estopped thereby from claiming any right thereto.[3] That the doctrine of estoppel applies to a state as well as to private persons, cannot be questioned. It was so considered by the supreme court of Massachusetts, in the case of Com. v. Pejepscut Proprietors, 10 Mass. 155. The legislature, by a public resolve, had declared that a certain

---

[3] [See note B at end of case.]

monument was considered the one mentioned and intended in an ancient Indian deed, under which the title was derived to certain proprietors; and it was held, that the commonwealth was estopped from afterwards showing that such monument was not the one intended by the deed. If the state could claim a forfeiture by reason of the non-performance of the condition, it might thereby defeat the grant to the town; for the general rule is, that when one conveys an estate upon condition, and enters for condition broken, he is in his old estate, and for this reason a grantor of a reversion cannot afterwards enter for a condition broken before such grant was made. Litt. 347; Co. Litt. 214b. It is no answer to say, that the grant to the town was in trust for the inhabitants of the town, and that that trust has been violated by a surrender of the possession of the land to the defendants. The town is not a party to the proceedings in this case, and the state cannot avoid its own grant in this collateral way. The law has not been repealed, or any measures taken to resume the possession of the land on account of any breach of trust or violation of the grant—even admitting that might be done—by the state. But, without placing our opinion entirely upon this view of the case (although we think it would be difficult to surmount the objections already stated to the claim set up on the part of the state), the fact set up in the plea, and admitted by the demurrer, that the condition has been performed, is an unanswerable objection to the claim of forfeiture. It is a general rule, that any one may perform a condition who has an interest in it, or in the land whereto it is annexed; and if a time to perform be appointed, the purchaser may perform. This was the rule laid down in the case of Marks v. Marks, 10 Mod. 419, and is recognized by the elementary writers; and when a condition is once performed, it is thenceforth entirely gone, and the thing to which it was before annexed becomes absolute and wholly unconditional. Litt. §§ 334, 336; Co. Litt. 207b; Cruise, Dig. tit. 13 ("Estate on Condition") c. 2, §§ 6, 20. The pleadings admit that the selectmen of the town of Berlin, under and by virtue of the grant made to the town by the act of '94, took possession of the land, and performed the conditions according to the terms of the original grant. The town, for the purpose of performing this condition, must be considered as having an interest in the land, and having a right to perform it, in order to save the forfeiture. This condition is admitted to have been performed more than thirty years since, and all the benefit arising from the settlement of the country has been realized, according to the spirit and policy of the condition, as much as if it had been performed by the defendants; and to enforce a forfeiture under such circumstances, and after such a lapse of time, would be repugnant to every principle of justice, and, we apprehend, a violation of the settled rules

of law. Judgment must, accordingly, be given for the defendants, upon the demurrer to the fourth plea.

NOTE A. If no trick has been resorted to for the purpose of delay, the demurrer cannot be disregarded. Anon., 4 Hill, 56. A plaintiff is not at liberty to treat a demurrer to a declaration as a nullity, and enter the defendant's default for not pleading; and the court, on a motion to set aside such default, will not pass upon the question of the validity of the demurrer. Coster v. Waring, 19 Wend. 97; Anon., 4 Hill, 56. Where the defects in a declaration are of such a character as that a verdict will not cure them, the defendant, on demurrer to a special plea, may attack the declaration, notwithstanding that the general issue was pleaded with the special plea. Miller v. Maxwell, 16 Wend. 9. A plaintiff is not bound to take judgment by nil dicit where a defective plea is interposed, but may demur. Underwood v. Campbell, 13 Wend. 78. It seems where, to a declaration on a bond for the performance of covenants, a plea of non est factum only is put in, without a notice of special matter attached, that the defendant may both demur and plead; but that he cannot do both where such notice is attached to the plea, as the plea and notice conjoined will be considered as equivalent to a special plea to the whole declaration. People v. Ten Eyck, Id. 448. Formerly, in assumpsit, a defendant might traverse not only the contract itself, but the consideration and the plaintiff's performance of a condition precedent; but now the practice is obsolete, and where the defence consists of matter of fact amounting to a denial of the allegation which the plaintiff must prove in support of his declaration, the general issue must be pleaded, or it will be good cause of special demurrer that the plea amounts to the general issue. Wheeler v. Curtis, 11 Wend. 653. Where a defendant pleads the general issue, and also a special plea, to which the plaintiff replies, and a demurrer is interposed to the replication, although the plaintiff may object to the plea, if bad in substance, the defendant cannot overleap the general issue and object to the declaration; he cannot plead and demur to the same count. Id. Where a defendant has pleaded the general issue, he cannot, upon a demurrer to the replication, or subsequent pleadings, attack the declaration. Russell v. Rogers, 15 Wend. 351; Dearborn v. Kent, 14 Wend. 183. Though a demurrer be interposed to the defendant's plea, and it be defective, he will still prevail, if the count to which the plea relates is bad in substance. U. S. v. White, 2 Hill, 59. Otherwise, where the plea is to several counts, one of which is good in substance, though all the rest be bad. Id. In England, if a plea begins as an answer only to part of the declaration, and is in truth only an answer to part, the plaintiff cannot demur, but must take judgment for the part unanswered as by nil dicit. Here, however, it is otherwise; and to such plea a general demurrer will be sustained. Etheridge v. Osborn, 12 Wend. 399. In indebitatus assumpsit, it is not a cause of demurrer that the declaration states the indebtedness of the defendant, and his promise to pay in a sum greater than what, from the cause of action set forth in the declaration, he is entitled to recover. Waite v. Barry, Id. 377. Where a demurrer to a declaration is overruled by a justice, and the defendant subsequently pleads the general issue, and after verdict against him appeals to the common pleas, that court is authorized to pass upon the validity of the demurrer, and, if well taken, to give judgment for the defendant. Wickware v. Bryan, 11 Wend. 545. In debt against several on a judgment of the supreme court of Ohio, two of them, viz., P. and T., pleaded that it was void for want of jurisdiction, having been rendered in a suit of which neither they nor their co-defendants had notice, and that none of them appeared therein, &c.; replication that P. and T. employed an attorney to appear in the suit, and did, by said attorney, so appear, as well for themselves as for the other defendants, &c. On demurrer to the replication, it was sustained, and the matter contained in it held sufficient to estop P. and T. from alleging either their own non-appearance, or that of the other defendants. Reed v. Pratt, 2 Hill, 64. Where a demurrer is interposed to a surrejoinder, the plaintiff may go back and avail himself of a defect in the plea. Mercein v. Smith, Id. 210. Where there are two counts in a declaration on the same instrument, and there is no plea to the second count, but the plea to the first count contains an averment that the instrument set forth in that count is the same identical instrument set forth in the second count, it cannot be objected upon general demurrer that there is a defence to only one of the causes of action set forth in the declaration. Case v. Boughton, 11 Wend. 108. Though after a demurrer to a declaration is adjudged frivolous, the court reluctantly gives leave to a defendant to plead anew; yet where, in such a case, an affidavit was made that the demurrer was put in in good faith, that the defendant had a defence on the merits, and that unless he was permitted to plead to the count demurred to, the whole cause of action would stand confessed upon the record, leave will be given to plead anew. Patten v. Harris, 10 Wend. 623. It seems that a demurrer put in, not with a view of disposing of the case on the merits, but solely in the hope of its proving successful, cannot properly be said to have been put in bona fide. Id. A demurrer is not an issuable plea within the meaning of the 21st general rule of this court. Marsh v. Barney, Id. 539. Nonjoinder of a private corporation as defendant cannot be taken advantage of by demurrer, unless the declaration show the corporation to be still in existence. State of Indiana v. Woram, 6 Hill, 33. If a plaintiff assigns a good breach of a condition of a bond, and then proceeds and specifies the items of damage sustained by him, the defendant cannot demur to such specifications; the question whether the plaintiff is entitled to recover the items specified, will be determined on the trial. Williams v. Maden, 9 Wend. 240. A declaration by a plaintiff, as administrator, containing counts for goods sold and delivered and work done, with the common money counts, without stating any indebtedness to the intestate, or referring to the plaintiff in his representative character in any subsequent part of the declaration, except in a profert of letters of administration, is bad on demurrer. Christopher v. Stockholm, 5 Wend. 36. Each count should distinctly state the indebtedness of the intestate. Id. A defect of duplicity in pleading, cannot be taken advantage of by general demurrer, but it must be specially pointed out; and upon a general demurrer to two or more counts, if one be good, there will be judgment for the plaintiff. Wolfe v. Luyster, 1 Hall, 146. The first count of the declaration set forth that the defendant (an auctioneer) received certain goods of the plaintiff, to be sold for him under an agreement not to part with or dispose of them below a certain stipulated price; and that, in violation of this agreement, he had sold the goods for a sum below that to which he was restricted, and had not accounted for the proceeds. The second count alleged that the defendant received the plaintiff's goods for sale, and agreed to render, as the amount brought by said goods, the full sum of $500. The breach assigned was, that the defendant had not rendered a just account of the goods, nor paid the full sum of $500. Upon a general demurrer to these two counts, the first was held to be good in substance, although defective for duplicity in assigning the breach; but the second was held to be bad on the face of it, for the want of an averment of the sale of the goods. Id. If a plea profess to answer only a part of a count, and is in truth but an answer to part, the plaintiff may demur, and is not bound to take judgment for the part unanswered; so held, where, in covenant, two breaches were assigned, and the defendant put in a plea as to the

breach first assigned, without taking any notice of the second breach. Slocum v. Despard, 8 Wend. 615. So, also, where a plea professes to answer all the breaches assigned in a declaration where there are two or more, and is, in fact, but an answer to one the plaintiff may demur. Id. Where a defendant pleaded non assumpsit and three special pleas, and the plaintiff put in a general demurrer; it was held, that such demurrer did not apply to the plea of the general issue, the demurrer purporting to be an answer in the several pleas of the defendant, by him pleaded to the first, second and third counts of the declaration, and the plea of the general issue being to the whole declaration, and not specifically to either count. Gomez v. Garr, 6 Wend. 583. A defendant cannot both plead and demur to the same part of the declaration. Rickert v. Snyder, 5 Wend. 104. The declaration alleged that it was agreed between the plaintiff and the defendants: 1. That the plaintiff should subscribe for and take eighty lots of ground in a certain tract in the city of New York, "agreeably to the conditions as set forth in said articles of subscription." 2. That he should pay over at the meeting of the said subscribers for the division of said lots, a certain sum of money. 3. That the defendants should allow to the plaintiff, on the settlement for said lots, a certain sum as commissions, &c. It then averred a performance on the part of the plaintiff in the words of the agreement, as set forth, and assigned, as a breach, the non-payment of the sum to be allowed as commissions. Upon general demurrer to this declaration, for the want of a sufficient statement of the cause of action, it was held to be sufficient, although liable, perhaps, to objections upon a special demurrer. Smith v. Wiswall, 2 Hall, 469. A demurrer to a declaration containing several counts will not be sustained if either count is good. Cochran v. Scott, 3 Wend. 229. Where there are several breaches assigned in one count, some good and some bad, and there is a demurrer to the whole count, the plaintiff will have judgment. The defendant should demur to the defective portions of the count. Glover v. Tuck, 24 Wend. 153. Where in a contract relative to the transportation of merchandise on the canal, the dangers of canal navigation are excepted out of a warranty for delivery by a specific time, a plea generally alleging such dangers, without specifying them as an excuse for non-performance, is not sufficient on special demurrer. Woodworth v. McBride, 3 Wend. 227. Where a plea is an answer to but a part of the declaration, the plaintiff must demur, and doing so, he shall have judgment. Hickok v. Coates, 2 Wend. 419. Where a plaintiff sets up title by purchase to personal property, claimed under a dormant execution, it is not necessary for him to aver on his replication the time or place of purchase, nor the time when directions were given to suspend proceedings under the execution, nor that such directions were given to defraud, nor is it necessary to set forth the consideration paid; and the omission in the pleadings to set forth these particulars cannot be taken advantage of, even by special demurrer. Id. A rejoinder averring that the defendant has assets, but not more than sufficient to pay and satisfy a judgment of upward of $1,000, is not a departure in pleading from a plea of plene administravit præter, averring the goods unadministered to be of the value of only $1. So held, on demurrer. Burr v. Baldwin, Id. 580. The omission to make a profert of letters of administration is only cause for a special demurrer. Allison v. Wilkin. 1 Wend. 153. The want of profert of letters of administration can be taken advantage of only by special demurrer. Id. On a return to a mandamus, the relator may demur or traverse, but he cannot do both. A rule both to join in demurrer and reply, is irregular. People v. Vail. Id. 38. In an action by the Utica Insurance Company (incorporated by St. Sess. 39, c. 52), against the endorser of a promissory note, he pleaded that the plaintiffs, contrary to the statute (Sess. 36, c.

71, § 2), subscribed to and became members of an association, institution or company, and became proprietors of a bank or fund, for the purpose of issuing notes, receiving deposits, making discounts, and transacting all other business which incorporated banks may and do transact by virtue of their respective acts of incorporation; that for this purpose they established an office or banking-house, and issued notes, received deposits, and made discounts, as incorporated banks may, &c.; and averred that the note in question was made for the purpose of being, and was discounted at their office, they knowing for what purpose it was made. The plaintiffs replied the act constituting them a corporation, which authorized them to loan their surplus funds; and alleged that they lent a part of their surplus funds on the security of the note, showing the particulars; without this, that the plaintiffs had subscribed and become members of an association, &c. (as in the plea), for the purpose in the plea set forth, concluding with a verification. Special demurrer, assigning for cause, that the plaintiffs had not, in their replication, confessed and avoided, traversed, or denied that they illegally and corruptly established an office or banking-house, and issued notes, received deposits, and made discounts as stated in the plea. Held, that the plaintiffs were entitled to judgment upon the demurrer. Utica Ins. Co. v. Scott, 8 Cow. 709. In slander for charging the plaintiff with perjury, the defendant pleaded that the words spoken in reference to certain parts of the plaintiff's testimony were so understood by the hearers. Replication de injuria, &c. On demurrer to the replication: held, that the plea would have been bad as amounting to the general issue, on special demurrer; but this could not be objected on an issue in law upon the replication. Allen v. Crofoot, 7 Cow. 46. A plea containing matter of fact and matter of record may conclude to the country; de injuria, &c., is a good answer to matter of excuse set up in a plea. Id. A plea in trespass quare clausum fregit, that a third person was seized in fee, and demised to the defendant for years, without giving express color, amounts to the general issue; and is bad on special demurrer. Collet v. Flinn, 5 Cow. 466. A strong conclusion of a plea in bar, can be taken advantage of only by special demurrer. Terboss v. Williams, Id. 407. Color in pleading, form and use of. Id. 467, 468, note a. A frivolous demurrer is in fraud of the ninth rule of April term, 1796, declaring a cause at issue after twenty days, &c., and though served within the time, will not be cause for setting aside an inquest. Carey v. Hanchet. 1 Cow. 154. Where a sheriff was sued for taking insufficient pledges in an action of replevin, and for taking no pledges, and there was a demurrer to one of the counts in the declaration and issue joined on the other counts; and a judgment was given for the defendant on the demurrer, and a verdict found for him on the issue, on which judgment was rendered; held, that the defendant was entitled to a writ of inquiry of damages, as he had sustained no damages in defence of his suit, except the costs. Gibbs v. Bull. 20 Johns. 212. Declaration in case against five defendants, and one of them not brought in court, the declaration was held bad on special demurrer, though it would be good after verdict. Mumford v. Fitzhugh, 18 Johns. 457. If the plaintiff adds the similiter to his replication, the defendant may demur without striking it out. Bank of Auburn v. Aikin, Id. 137. Where the general issue is pleaded, and also a special plea, to which there is a replication, and a demurrer to the replication, and contingent damages are assessed at the trial of the general issue, and the demurrer is afterward argued, the court will not allow the defendant to amend his special plea; aliter, if the demurrer had been argued before the trial of the issue. Hallett v. Holmes, 18 Johns. 28. A misjoinder of counts is a fatal defect on demurrer, arrest of judgment or error. Cooper v. Bissell, 16 Johns. 146. A demurrer for misjoinder of counts must be to the whole declaration; the

defect cannot be reached under a demurrer to particular counts. Ferris v. North American Fire Ins. Co., 1 Hill. 71. A demurrer is a plea; and the relator, or party prosecuting a writ of mandamus, may demur to the return of the writ. People v. Champion. 16 Johns. 61. On demurrer to plea or replication, the sufficiency of the declaration may be attacked on the argument, although the general issue be also pleaded. Auburn & O. Canal Co. v. Leitch, 4 Denio, 65. Where on a demurrer to a subsequent pleading, a party goes back to take advantage of a defect in a previous pleading, he can object only to such defects as are grounds of general demurrer. Comly v. Lockwood, 15 Johns. 188, 191. If there is a demurrer to the whole declaration, and one of the counts is bad, the count cannot be referred to for the purpose of helping out and aiding another count. Nelson v. Swan, 13 Johns. 483. Where the day of making a contract is immaterial, it is not ground of demurrer, that the contract is illegal by reason of its having been made on the day laid in the declaration. Amory v. McGregor. 12 Johns. 287. Where a plea contains distinct matters divisible in their nature, as separate and distinct demands, the plaintiff cannot demur generally to the whole, because a part is bad; but should demur as to the matters badly pleaded, and traverse the residue. Douglass v. Satterlee. 11 Johns. 16. So, where an executor or administrator defendant pleads outstanding judgments, some of which are well pleaded, and others badly pleaded, the plaintiff should not demur to the whole plea, but only to such of the judgments as are not well pleaded, and should traverse the residue of the plea. Id. A special demurrer includes a general demurrer. Utica Ins. Co. v. Scott, 8 Cow. 709. A bill of exceptions and demurrer to evidence or special verdict may be taken in the same cause. Powell v. Waters, Id. 669. A challenge for principal cause may be demurred to, or issue may be taken upon it. Ex parte Vermilyea, 6 Cow. 555. When the facts are admitted and referred to the court, this is in substance a demurrer, and should be entered on the record as such. Id. The defendant pleads two distinct pleas, neither in itself good, though both together would be: the plaintiff can avail himself of the defect only by demurring. Shook v. Fulton. 4 Cow. 424. Of the replication and demurrer in quo warranto. Id. 148, note a. A reference will not be granted if there is a demurrer in a cause, which relates to the whole action, and is undetermined. Jansen v. Tappen, 3 Cow. 339. In a declaration against heirs, where it appears that only a part of them are arrested in the suit, those who are may demur. Whitaker v. Young, 2 Cow. 569. In an action of covenant, a plaintiff is bound to aver enough to show with all reasonable certainty that he has been damaged. Thus, where G. agreed to sell a farm to A., containing 161 acres, and A. agreed to pay G. $26 per acre for all the land except the road running through the same, and covenanted to purchase in the premises, if they were sold under certain mortgages which were liens upon the land, and to advance sufficient to pay such mortgages; on the land being sold under the mortgages, and an action brought on the agreement, for the recovery of damages, it was holden on demurrer, that the declaration was defective for the want of an averment as to the quantity of land contained in the road, so as to enable the court to say that the plaintiff had sustained damage by the neglect or refusal of the defendant to purchase in the farm at the mortgage sale. Gould v. Allen, 1 Wend. 182. It is not ground for demurrer that consequential damages are laid in the declaration which do not legitimately result from the acts of all the defendants; and a demurrer to two counts cannot be sustained unless both are defective. Leland v. Tousey, 6 Hill, 328.

NOTE B. The principle of an estoppel, as applicable to deeds, is to prevent circuity of action, and to compel parties to fulfil their contracts; thus a party asserting in a deed the existence of a particular fact, and thereby inducing another to contract with him, cannot by a denial of that fact compel the other party to seek redress against his bad faith by suit; but the court will decide upon the rights of the parties, without subjecting them to the expense and delay of a new litigation—and this they will do, not on the ground of concluding the party from showing the truth, but because the whole truth being shown, the justice of the cause is not changed. Id. M. having mortgaged premises in 1792, with a covenant of seizin, and the mortgage having been foreclosed; held, that the estate which thus came to him by descent, enured by estoppel to the title derived under the mortgage. Vanderheyden v. Crandall, 2 Denio. 9. In ejectment for dower against grantee of the husband by quit-claim, defendant is not estopped from showing that the husband was not seized of such estate as would entitle his widow to dower. The cases of Sherwood v. Vandenburgh. 2 Hill. 303; Bowne v. Potter, 17 Wend. 164. and other similar cases, are overruled in this respect. Sparrow v. Kingman, 1 Comst. [1 N. Y.] 242. The recital in a bond to A., that the obligee had sold and conveyed to the obligor certain lands, is not evidence of such conveyance where it is not shown that the bond was ever in possession of the obligee; but a recital by an obligor in a bond executed by him. that he had conveyed certain premises, is sufficient evidence of the fact of conveyance. Jackson v. Brooks, 8 Wend. 426. A party in possession of lands, claiming the same under a warranty deed from a stranger, is estopped from saying that he holds as a tenant in common with the plaintiff. Siglar v. Van Riper, 10 Wend. 414. But when where he holds as a tenant in common, if he denies the plaintiff's title when possession is demanded, the plaintiff is entitled to recover, such denial amounting to an ouster; a denial in terms is equivalent to an act amounting to a denial. Id. It seems, too, that such a demand may be made of a tenant in possession, though not the tenant of the freehold. Id. Recitals in a deed of land are evidence against the party making them, or any person claiming under him; they estop parties and privies: privies in blood, in estate, and in law. Jackson v. Parkhurst, 9 Wend. 209. A person entering into possession of land under a party thus bound by a recital, is a privy in law of such party, and is bound by whatever would conclude or affect him. Id. Recitals in an ancient deed of land are not evidence against a stranger unless it be shown that the land or some part of it has been held under the deed. Schermerhorn v. Negus, 2 Hill, 335. Accordingly, where the plaintiff in ejectment, who claimed as one of the devisees of S., gave in evidence a deed executed by L., and others. nearly seventy years before the trial, which, after reciting that partition had been made of a tract of land before granted to thirteen persons by letters-patent, and that a part of the tract had since been sold to the grantors, purported to convey two lots of the part thus sold, including the land in question, to S. and one G.; and it was further shown that G. had subsequently released to S. all his interest in the two lots. but there was no evidence that any part of these lots had ever been possessed by L. and others, their grantees, and those claiming under them; held, that no title was shown in the plaintiff which would authorize a recovery; and this though there was proof that other lands, not a part of the two lots, had been occupied under S.'s will. Id. A person entering under another, either as tenant or under an agreement to purchase, cannot dispute that title, while he continues in possession, nor can he legally attorn to a stranger. Every one entering immediately or directly under such tenant stands in the same situation as the original tenant. Jackson v. Miller, 6 Wend. 228. Although the testator, at the time of the making of the will, had no legal estate in the premises, the grantees in the deed. and those claiming under them, are estopped from setting up any title inconsistent with that conveyed thereby. Jackson v. Ireland, 3

Wend. 99. A partition deed operates as an estoppel between the parties and persons claiming under them. Jackson v. Hasbrouck, 3 Johns. 331. A recital in a will is an estoppel to all claiming under the will. Denn v. Cornell, 3 Johns. Cas. 174. There, Lieutenant-Governor Colden, in 1775. made his will, and in it recited that he had conveyed to his son. David, his lands in Flushing, and he then devised his other estate to his sons and daughters, &c. Afterward, David's estate was confiscated under the act of attainder, and the defendant in ejectment claimed under that confiscation, and deduced his title from the state. No deed of the Flushing estate, the land in controversy, was proved from the father, and the heir-at-law sought to recover upon that ground. But the court held, that the recital in the will, that the testator had conveyed the estate to David, was an estoppel of the heir to deny that fact, and bound the estate. Id. So. where a party has given a deed with warranty of land, of which he had not sufficient title, it enures to his grantee by way of estoppel; and this to avoid circuity of action. But a covenant of seizin, or what is equivalent, that the party had good right to convey, does not thus operate upon an after-acquired title. Jackson v. Wright, 14 Johns. 193; Whitlocke v. Mills, 13 Johns. 463. The general principle to be deduced from the cases is. that an instrument which legally creates an estoppel to a party undertaking to convey real estate. he having nothing in the estate at the time of the conveyance, but acquiring a title afterward by descent or by purchase, does in fact pass an interest and a title from the moment such estates come to the grantor. Jackson v. Murray. 12 Johns. 201. A deed by the grantor. who conveys with warranty. being at the time under contract to convey the land granted; held, that such deed was an estoppel as to him and all others claiming under him; and a conveyance made subsequently to the grantor, would enure to the benefit of the grantee. The former is estopped by his deed and covenant, to make title to the land; and one claiming subsequently under the grantor was bound by the estoppel. being privy in estate. Id. In such case, the covenant in the deed being one which runs with the land, the assignee of the grantor may avail himself of it. Id. The principle is. that the estoppel concludes the party from alleging the truth; and. therefore. a man who admits a fact or deed in general terms, either by reciting in a deed executed by him. or by acting under it. shall not be received to deny its existence. Sinclair v. Jackson, 8 Cow. 543. But when the truth appears from the same deed or record, which would otherwise work the estoppel, then the adverse party shall not be estopped to take advantage of the truth: for he cannot be estopped to allege the truth when it appears on record. Thus. where the deed of grant and release, containing the recital in question. was endorsed on the release and referred to it: and the terms of the recital were, that he. (C.) was the owner for his life. of the premises described in the within indenture of lease, and in and by the same demised and leased to G. S., within named, and was justly and lawfully entitled to the yearly rent by the within indenture of lease: held, that this recital of the lease and reference to it made it part of the deed of grant and lease, as fully as if it had been recited at large and incorporated therein. Id. A party. admitting the title to land to be in another, and agreeing to purchase. is estopped from setting up title in himself under a deed which he had held for six years previous to such admission; and such estoppel extends to all claiming under him. Sayles v. Smith. 12 Wend. 57. But where the defendant. when he made the admission of the plaintiff's title made no claim himself to the lot, but there were conflicting claimants. and after agreeing to purchase of the plaintiff. he became satisfied that the other claimant had the better title. and purchased of him; held, that he might deny such title, and set up title in himself. if the acknowledgment of the plaintiff's title was produced by imposition, or made

under a misapprehension of the rights of the respective parties. Jackson v. Spear, 7 Wend. 401; Jackson v. Cuerden, 2 Johns. Cas. 353. If. however, he has entered into possession under an agreement to purchase. he will be estopped from disputing the title of him under whom he entered, until after a surrender of the possession. Id. One in possession of lands under a devise in fee to himself. purchased and took a deed from another who pretended to have an adverse title; held. that neither the grantee nor his successors were estopped from disputing the validity of the title thus purchased. Osterhout v. Shoemaker, 3 Hill. 513. The principle of the rule by which a tenant is estopped from questioning the title of his landlord. does not apply as between a grantee in fee-simple and his grantor. Id. There is no such estoppel except where the occupant is under an obligation. express or implied, to restore the possession at some time or in some event. Id. The doctrine that in dower, the grantee of the husband is estopped to deny that his grantor had title, ought not to be extended. Id. By the common law the widow of an alien husband could not be endowed; but by Rev. St. 740. § 2, the widow of an alien. who at the time of his death was entitled by law to hold land. if she be an inhabitant of this state at that time, shall be endowed of such estate in the same manner as if her husband had been a native citizen. And where the defendant derives his title from, and holds the premises under the husband of the plaintiff; held. that a tenant or defendant in such condition is estopped from denying the seizin of the husband. although there was no statute in existence at the time the husband purchased. nor was such purchase affirmed by any subsequent statute. Davis v. Darrow, 12 Wend. 65. So where a tenant for life or years made a feoffment in fee and died. and his wife brought dower against the feoffee: held. that he could plead that the husband was not seized. Hitchcock v. Harrington. 6 Johns. 290. Where the plaintiff gave in evidence a deed from V. and his wife of the lands in question with covenant and warranty; and the defendant proved title in a third person by virtue of a judgment. &c., against V. and her late husband; held, that she was not estopped by the deed executed with her husband to the lessors of the plaintiff. Jackson. v. Vanderheyden, 17 Johns. 167. Grantee in fee by quit-claim deed, or deed with warranty, is not estopped from denying that the grantor had title, at or before the date of the deed; he holds adversely to the grantor. and may controvert the title. and fortify his own by purchase of any other title which will secure him in quiet enjoyment of the premises. Averill v. Wilson, 4 Barb. 180. The mere taking of a quit claim deed does not estop the grantee from questioning the title of his grantor; but the rule is different as between vendor and vendee before conveyance; and between landlord and tenant; in such cases possession must be surrendered before title can be questioned, and there can be no estoppel unless the occupant is bound at some time, or in some event. to restore possession. Hill v. Hill. 4 Barb. 419. Where the lessor of the plaintiff and the defendant claimed by the same title. The plaintiff produced a lease on which there was an assignment written from P. to B. The judge admitted the assignment without proof on the ground that B. had reassigned at a subsequent date to P., which was also endorsed; and P. conveyed to J. and the lessors of the plaintiff; held, that the acceptance of the reassignment endorsed on the same paper that contained the assignment, was an explicit acknowledgment of the authenticity and genuineness of the latter P., or those claiming under him, therefore. cannot be permitted to deny the execution. Jackson v. Halstead, 5 Cow. 216; Jackson v. Kingsley. 17 Johns. 158. A person cannot gainsay a title as against a plaintiff who claims under the same title by a prior right. Jackson v. Ayers, 14 Johns. 224. Where one enters on land under a contract to purchase, but neglects to pay the consideration money, he and those claiming under him are estopped to

question the title of the vendor, or his heirs; though more than twenty years have elapsed from the time when the last payment became due; though the vendee and those claiming under him have made permanent and valuable improvements, defended several actions of ejectment, and not been called on by the vendor to pay; and have even acquired title by conveyance from a third person. Jackson v. Hotchkiss, 6 Cow. 401. The form of pleading an estoppel is, to rely on the deed as an estoppel, and pray judgment that the party may be estopped, or not admitted to deny the facts which the deed purports, without demanding judgment si actio, &c. Davis v. Tyler, 18 Johns. 490. Estoppel may be by matter in pais as well as by matter of record; as by accepting an estate, making partition, &c. Springstein v. Schermerhorn, 12 Johns. 357. So, if a man take a lease of his own land, he is estopped from setting up his original title. And whether he takes a new lease to himself, or directs in writing, under seal, that his landlord should give new leases to his brothers, for the premises, he is equally estopped from asserting any claim in opposition to the new leases. No title, not in esse, will pass by deed as bargain and sale unless it contain a warranty, in which case it will operate as an estoppel. Jackson v. Wright, 14 Johns. 193. Where a person in possession of land covenants with another to pay him for the land, and receive a deed from him, in an action of ejectment by the covenantee he will be estopped from setting up an outstanding title, unless he shows he was imposed upon in making the agreement. Jackson v. Ayers, 14 Johns. 224. Where a person has conveyed land, he will not be permitted afterward to claim it in opposition to his own deed, although the deed may not amount to an estoppel. Jackson v. Stevens, 16 Johns. 110. It was decided that a man shall never be permitted to claim in opposition to his deed, by alleging he had no estate in the premises; and that if a man make a lease of land by indenture, which is not his, or levies a fine of an estate not vested, and he afterward purchase land, he shall, notwithstanding, be bound by his deed, and not be permitted to say that he had nothing. Jackson v. Bull, 1 Johns. Cas. 90; Jackson v. Murray, 12 Johns. 201.

---

VERMONT & C. R. CO. (CODMAN v.). See Cases Nos. 2,935 and 2,936.

VERMONT & M. R. CO. (WHITE v.). See Case No. 17,559.

VERMONT CENT. R. CO. (BROOKS v.). See Case No. 1,964.

VERMONT CENT. R. CO. (VERMONT & C. R. CO. v.). See Case No. 16,918.

VERMONT VAL. R. CO. (POND v.). See Cases Nos. 11,264 and 11,265.