## DAVIS *against* TYLER.

An instrument *not under seal,* cannot be pleaded by way of *estoppel.* The form of pleading an *estoppel,* is to rely on the *deed,* as an *estoppel,* and pray judgment that the party be *estopped,* or not admitted to deny the facts in the deed; not to demand judgment, *si actio,* &c.

No *venue* is necessary to a plea; nor to a demise in an *avowry* for a distress, &c. in an action of *replevin.*

THIS was an action of *replevin,* originally commenced in the Court of Common Pleas of *St. Lawrence* county, and removed to this Court by *certiorari.* The plaintiff, *D.,* declared, in the usual form, against the defendant, *T.,* for taking the plaintiff's cattle, on his farm, at *Messina,* &c. The defendant *avowed* the taking, as a distress for rent due to him from the plaintiff, as tenant of the premises, under a lease for years, the landlord being seized in fee, &c. The plaintiff pleaded to the *avowry,* that the place in which, &c. was not the close and freehold of the defendant, as alleged in the *avowry.* The defendant replied, by way of *estoppel,* that the plaintiff had accepted from the defendant a *written* lease for the premises, signed by both parties, and that the plaintiff held, and occupied the premises, under that lease, and prayed judgment whether the plaintiff ought to be allowed to question the title of the defendant, &c.

To this replication the plaintiff demurred, and the defendant joined in demurrer.

*Talcot*, in support of the demurrer, 1. The replication to the plea to the avowry, is not good as an *estoppel*. The *avowant* ought to allege the estate of which he is seized. (10 *Johns. Rep.* 424. 1 *Johns. Rep.* 80. 2 *Saund.* 206. *a. n.* 22.)

The facts alleged in the replication, are not sufficient to estop the plaintiff from traversing the avowant's title. By executing an indenture of lease, a party may be estopped from denying, that the lessor could make the demise; it does not acknowledge that the avowant is seised in fee; and if it did, it would not follow that he was so seised in fee, a year after, when the distress was made.

Again; the instrument is not under seal, and, therefore, not sufficient, by way of estoppel.

Though the utmost degree of certainty is not required in all cases, so as to preclude all argument, inference, or presumption against the party pleading, yet, in *estoppels*, and in pleas not favoured in law, this degree of certainty is required. (1 *Chitty's Pl.* 238. 2 *H. Bl.* 530. *Doug.* 159. 8 *Term Rep.* 167.)

Again; it is not alleged that *D.* made the indenture, or delivered it, which is essential to its perfect execution. An averment that he signed it, does not necessarily imply a delivery. (7 *Term Rep.* 596.)

2. There is no venue to the demise, either in the avowry, or the replication. (1 *Chitty's Pl.* 284, 285.)

*Vining*, contra, 1. The objection of the want of a venue is a formal one, and should have been taken advantage of on a special demurrer. By pleading over, the party waives it, and the omission is to be considered as cured. (1 *Chitty's Pl.* 284.) But, in truth, no venue is necessary in avowry or estoppel. (6 *Johns. Rep.* 26. 2 *Caines' Rep.* 398, 399.)

2. The bar to the avowry is not sufficient. The avowant alleges a precise estate, a seisin in fee. The defendant should have expressly traversed that title. Sergeant *Williams* (1 *Saund.* 347. *d.* note 6.) says, this is an anomalous

ALBANY,
January, 1821.

DAVIS
v.
TYLER.

case, and contrary to the common rule of pleading, to say, "his soil and freehold," generally; for it applies as well to an entail, or for life, as to an estate in fee. The traverse is too broad. (1 *Saund.* 268. n. 1.) This is a stronger case than that of an ordinary plea. (2 *Salk.* 562. 3 *Caines,* 160. 5 *Johns. Rep.* 112. 10 *Johns. Rep.* 369.)

3. There may be an estoppel *in pais.* (*Co. Litt.* 352. a. *Comyn's Dig. Estoppel,* A. 76. A. 3. 79.) We do not say, that the plaintiff is estopped by *deed,* but by his acceptance of a lease from the defendant, as a good demise of the premises.

*Per Curiam.* No instrument in writing not under seal, can be pleaded as an *estoppel.* The defendant, therefore, ought not to have replied this unsealed lease, by way of estoppel, but should have taken issue upon the fact, that the premises were his freehold. If one gives an acquittance under his hand and seal, for rent, he shall be *estopped* to demand rent due at a day before. But, if the acquittance is not under seal, it is not an *estoppel,* but *evidence* merely. (5 *Bac. Abr.* 432. *Comb.* 59.) The form of pleading an estoppel, is to rely on the deed as an *estoppel,* and pray judgment that the party be estopped, or not admitted to deny the facts which the deed purports, without demanding judgment, *si actio,* &c. (*Rawlyn's case,* 4 *Co.* 53.)

The objection as to a want of *venue* of the demise, is repelled by the fact, that the plaintiff answered over to the merits, before he demurred; the want of *venue,* in the *avowry,* was thereby waived. In *Thomas* v. *Rumsey,* (6 *Johns. Rep.* 26.) it was held, that a *venue* was not necessary in a plea. The *venue* laid in the declaration, draws to it the trial of every thing that is transitory. Nothing could be more transitory than the making of the lease. This ground of demurrer, therefore, is not maintainable; but the first objection is fatal to the replication.

There must be judgment for the plaintiff, on the demurrer, with leave to the defendant to amend.

*Judgment for the plaintiff.*