Parker C. J.
delivered the opinion of the Court. The defendants acknowledge that they were bound upon the lease for one year, but insist that the rent for that year has been paid, so that nothing can be recovered of them in the present *342 suit. For all the rent beyond a year the plaintiff expects tc recover on his counts for use and occupation, and contends that the three defendants were joint lessees, were all to be considered in law as in possession under the lease, or, if not so, that the occupation by one, with the permission of the others, makes them liable to the same implied contract for holding over, as if all were in the actual occupation and had held over.
It is very clear, that covenant would not lie upon the indenture for any rent accruing after the year expired, for there must be a new contract to enable the plaintiff to recover such rent; and that contract is implied by law to be upon the same terms with the indenture under which the premises were held the preceding year. Upon such implied contract there is no doubt S. L. Knapp would be held ; the question is, whether the same implication exists against the other two defendants.
Now, all contracts, whether under seal, or otherwise created, are to be construed by the intention of the parties at the time of making them, and that intention is to be inferred from the subject matter of the contract and the terms in which it is expressed. It is certain, that although the three who executed the lease may be considered technically as lessees, the real intention was, that S. L. Knapp should occupy, and that the other two should stand as sureties for the rent; they are so designated in the indenture, and though their obligation is not the less upon the contract, yet they have a right to avail them selves of this character in considering whether they, like him, are bound beyond the duration of their express contract. Other parts of the instrument show also, that the lessor in fact contemplated having one only as lessee and the others as sure-" ties ; for it will be seen by looking at the indenture, that in all the covenants the word lessee, in the singular number, is made use of; which goes to show the real understanding of the parties. The instrument is a very incorrect one, being the printed form sold at the shops, which was originally drawn up by some unskilful person, and which ought to be discontinued, particularly when any thing more is to be provided for than a mere lease from one person to another.
The authorities cited by the plaintiff’s counsel to maintain the action are well chosen, but they fall short of the position *343 taken. Where the lessee puts another into possession who holds over, it shall be considered as the holding over of the lessee ; but here the original lessee in fact holds over, and the question is, whether those who are substantially his sureties shall be bound beyond their express engagement. With respect to him, he consents to hold upon the former terms : with respect to them, no such contract can be implied from his occupation. They may not know that he continues to occupy, or that he has not made a new contract ; they could not put him out if they chose, for he would have a right to refuse them leave to enter after the lease expired. It is said, that they have covenanted to deliver up the premises at the end of the term ; but if the lessor did not demand possession, but suffered the occupant to hold over, they could not surrender, for a new contract had arisen between the lessor and occupant, so that the lessor himself could not determine the estate thus acquired by consent, without some notice to quit. In short, we see no principle upon which an implied engagement by two of the defendants can be well founded. They have a right to stand upon their contract, and deny that they have entered into a new one. They were bound for one year, and it is attempted to make them answerable for the rent of two years and three quarters ; if they are so, there is no limitation to a guaranty of this nature, if the lessor and lessee should incline to continue their relation.[1]
The cases cited by the defendants’ counsel, though upon personal contracts, show the principle by which this contract is to be governed. The argument derived from the nature of real covenants, that they run with the land and bind every person who takes the land as an assignee of a lease, has more ingenuity than force. This is not a case of covenant, but of implied promise. The indenture does not continue in force longer than the term created by it. A holding over does not renew the lease quasi a lease, but raises a contract which is to be regulated by the expired instrument, upon the tacit under *344 standing, that both parties have agreed to continue their engagement as it before subsisted ; and therefore, when Lord Mansfield speaks of a renovation of the contract, he means nothing more than that the implied contract shall be assimilated to the expired written one ; and so Lord Kenyon considers it in the case cited from 5 D. & E. 471.
Upon the other point, we think the plaintiff has made out his case. The general principle, that where á debtor, owing on several accounts, pays money without appropriating it to any one, the creditor may apply it to which he sees fit, is not denied.[1] 2It is contended, however, that if one of the debts is guarantied and the other not, the application shall be made so as first to relieve the surety ; but we have not heard or seen any authority which makes out this point satisfactorily.[2] The cases in Comberbach and Coke, cited by counsel, only prove that where rent is reserved, and an acquittance given, the lessor is barred from recovering arrearages, but this in Coke is stated to be because the acquittance is by deed and operates as an estoppel. And evidence, by receipt, of the payment of a subsequent quarter’s rent, will be considered prima facie evidence of the payment for all former quarters; though this may undoubtedly be contradicted by other evidence.[3]
Defendants defaulted, and judgment for 200 dollars and costs.

 Kennebec Bank v. Turner, 2 Greenl. 42. As to the liability of the sureties in the bonds of annual officers, see Dedham Bank v. Chickering, 3 Pick. 341; S. Carolina Society v. Johnson, 1 M’Cord, 41; Union Bank of Maryland v. Ridgely, 1 Har. & Gill, 327, 432.

 This principle is applicable only to voluntary payments. Blackstone Bank v. Hill, 10 Pick. 129. An appropriation by the debtor of a payment to a particular debt may be implied from circumstances, where there is no express direction by him. Mitchell v. Dall, 2 Har. & G. 159; Tayloe v. Sandiford, 7 Wheaton, 20; Peters v. Anderson, 5 Taunt. 596. See Niagara Bank v. Rosevelt, 9 Cowen, 409; Seymour v. Van Slyck, 8 Wendell, 403; Pattison v. Hall, 9 Cowen, 747; United States v. Wardwell, 5 Mason, 82; United States v. Kirkpatrick, 9 Wheaton, 720; Backhouse v. Patton, 5 Peters’s S. C. R. 161; Bosanquet v. Wray, 6 Taunt. 597; Gwinn v. Whitaker, 1 Har. & Johns. 754.

 See Dedham Bank v. Chickering, 4 Pick. 314; Boston Hat Manufactory v. Messinger, 2 Pick. 223; Baker v. Stackpoole, 9 Cowen, 420; Hilton v. Burley 2 N. Hamp. R. 196; Briggs v. Williams, 2 Vermont R. 286; United States v January, 7 Cranch, 572.

 See Davis v Tyler, 18 Johns. R. 492.