JULIUS OTTENS V. FRED KRUG BREWING COMPANY.

FILED MARCH 22, 1899.   No. 8808.

1. Payment: EVIDENCE.   Where, in an action on an account, payment is pleaded, it is proper to instruct the jury that they may consider evidence in regard to prior related transactions between the parties to aid them in determining whether the plea is sustained.

2. ———: ———: RECEIPTS.   A receipt for rent for a particular month is presumptive evidence that the rent which previously accrued has been paid.

3. Instructions: ASSUMING FACTS.   It is not error to refuse a proffered instruction which assumes the existence of a fact not proven.

4. Payment: APPLICATION: CHECKS.   A bank check in the usual form is not, even when paid and returned to the drawer, an acknowledgment that the money therein mentioned has been received for, and applied to, a particular purpose.

ERROR from the district court of Lancaster county. Tried below before HALL, J.   *Affirmed.*

*Cobb & Harvey* and *Samuel J. Tuttle*, for plaintiff in error.

*Burr & Burr, contra.*

SULLIVAN, J.

From April, 1893, to September 1, 1894, Julius Ottens occupied as a tenant of the Fred Krug Brewing Company a certain store building in the city of Lincoln and conducted therein a retail liquor business.   The stipulated rental was $170 per month, payable monthly in advance.   The first count of the petition is based on a promissory note given for a portion of the rent in arrears for either April or May, 1894.   To this claim the answer presents no defense.   The second count states a cause of action for the rent which accrued for August, 1894, that being the last month during which the defendant occupied the demised premises.   The defense was pay-

ment. The cause was tried to a jury, and from a judgment rendered on a verdict in favor of the plaintiff the defendant prosecutes error.

Ottens' testimony was given in the form of a deposition, wherein, on direct examination, he stated that the note in suit represented a balance due upon the May rent. He further testified that payment of the rent which accrued prior and subsequent to the month of May had been made by checks drawn on the German National Bank. He was thereupon questioned by the plaintiff in regard to the payments for January, February, March, and April. The questions were objected to, and error is assigned on the ruling of the court requiring that they be answered. The rulings were obviously correct and made in recognition of the plaintiff's right to a reasonable cross-examination of an adverse witness. Neither was there any error in the refusal of the court to direct the jury to disregard the testimony concerning the manner of paying rent prior to August. The precise question in dispute was clearly stated in the tenth instruction given by the court on its own motion, and the jury were therein informed that all testimony in regard to business transactions between the parties prior to the month of August should only be considered to aid them in determining whether the plea of payment had been sustained. This was entirely proper and it was sufficient.

It was the plaintiff's theory that the note in suit was given for the April rent and that each payment thereafter made was properly applied on rent which had accrued for the month preceding the one in which such payment was made. To meet this hypothesis, and to show that the August payment was in satisfaction of the July rent, the defendant introduced as part of his deposition a check for $170, drawn by him in favor of the plaintiff on July 2 and paid by the bank on the following day. He also produced testimony tending to prove that when the deposition was filed in the office of

the clerk the check contained the words "for July rent," and that those words had been subsequently erased by an unknown and unauthorized person. Claiming that this evidence raised in his favor a presumption that the rent for July and for all the preceding months had been paid, the defendant tendered the following instruction: "It is a presumption of law, where a tenant shows a receipt for rent, that all previous rent has been paid to his landlord, and the jury are instructed that if they believe from the evidence that the defendant Julius Ottens has introduced a receipt or paid a check indorsed by the plaintiff, which they are instructed is equivalent to a receipt, for the rent of the premises in question for the months of July and August, 1893, then they are instructed that the presumption of law is that the rent for said premises for all back rents were paid, and they will find for the defendant, unless they shall believe from the evidence that such presumption has been removed by competent evidence." The refusal of the court to give this instruction is assigned for error. There can be no question about the correctness of the general proposition that a receipt for rent covering a particular month affords presumptive evidence that rent previously accruing has been paid (*Decker v. Livingstone*, 15 Johns. [N. Y.] 479; *Brewer v. Knapp*, 1 Pick. [Mass.] 332; *Patterson v. O'Hara*, 2 E. D. Smith [N. Y.] 58); and the defendant was entitled to have the jury so informed, but the instruction designed to convey that idea was unfortunately phrased, and the refusal to give it was not error. The assumption that there was a single check covering the rent for July and August was unwarranted. Moreover, the August check did not purport to be a receipt, and it is certainly incorrect to say that a check, which in its ordinary form is a mere order for the payment of money, is evidence of anything more than the receipt of the money which the drawee is directed to pay. Had the instruction been limited to the July check, and had it taken into account its condition when issued, which was a fact in

dispute, the refusal to give it would have been reversible error.

It is also urged as a ground for reversal that the evidence does not sustain the verdict. We think it does. We think the jury reached a correct conclusion and that the judgment should be

AFFIRMED.