## Bardwell D. Phenix, Appellant, v. Mary Hallcock, Appellee.

## Gen. No. 5,641.

1. APPEALS AND ERRORS—*presumptions on omission of fact from bill of exceptions.* Where it is uncertain whether a conversation regarding alleged unpaid rent was before or after a payment of subsequently accrued rent, and the date of the check paying the subsequent rent was known to the landlord and the trial court, and omitted from the bill of exceptions, it will be assumed on appeal, in support of an instruction to the effect that accepting payment of rent without comment raises a presumption that prior rent has been paid, that the conversation was after the payment of the subsequent rent.

2. LANDLORD AND TENANT—*presumption as to payment of rent.* Where a husband leased premises, payments by his widow of rent for three half-year terms without any claim being made that there was any unpaid rent, will raise a presumption that rent for six preceding half-year terms, when the husband was alive, was paid by him.

3. LANDLORD AND TENANT—*evidence of payment of rent.* A landlord accepted rent for three half-year terms from the widow of a lessor, without any claim that prior rent for six half-year terms had not been paid by her husband, but testified that the prior rent was not paid and no one testified it was paid. It was shown that deceased paid the rent to the landlord or to his brother by check, and that the check was charged to the account of the deceased on the books of a bank and credited to the landlord. Those books were in control of the landlord and were not produced, the brother was not called as a witness, and a claim for the rent was not filed against the husband's estate. *Held,* a verdict for the widow should be sustained.

Appeal from the Circuit Court of Stark county; the Hon. N. E. WORTHINGHAM, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

JAMES H. RENNICK and M. L. HAY, for appellant.

V. G. FULLER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Beginning with November 1, 1899, John H. Hallcock occupied a certain dwelling house as the tenant of appellant under an oral lease at a rental of $135 per annum, payable semi-annually. Mary Hallcock, the appellee, was his wife and lived with him on said premises from that date till his death, March 18, 1909, and thereafter till the trial of this suit. She paid the rent of the premises to appellant from November 1, 1908, that is, she paid the rent for the half year in which her husband died and from that time on. On May 18, 1911, appellant sued appellee to recover the rent accruing from November 1, 1905, to November 1, 1908. He filed a declaration containing the common counts and a special count, charging her as the wife of John H. Hallcock, living with him on said premises during all of that period. She filed the general issue, and a special plea averring that before the commencement of this suit she brought a suit against the Phenix Banking Company, of which appellant was a member, and that this suit was settled and the Phenix Banking Company paid her a certain sum, and that in that settlement she allowed the Phenix Banking Company and the plaintiff a certain sum in satisfaction of the claim here sued for. To this appellant replied, denying that this indebtedness was satisfied in that settlement. On a jury trial there was a verdict for appellee, a motion for a new trial was denied, she had judgment, and plaintiff below appeals. Appellant testified to the letting and to the occupancy by appellee with her husband and that this rent had not been paid for the years mentioned. Appellee testified that it had been paid, but this was excluded because she based this on what her husband told her. She proved that there was administration upon the estate of her husband and that there was $200 or $300 more of that estate than enough to pay all preferred claims, and that appellant did not file this claim for rent against

her husband's estate. She proved that when she paid the rent the first time, which was from November 1, 1908, to May 1, 1910, appellant said nothing to her about there being rent unpaid from November 1, 1905, to November 1, 1908. In Decker v. Livingston, 15 Johns. 479 it is held that a receipt for rent arising at a subsequent period is presumptive evidence that all rent previously accruing had been paid, and that this presumption arises from the improbability that the former rent remained unpaid when rent is specifically received for a subsequent period. In Davis v. Tyler, 18 Johns. 490, it is held that if one gives an acquittance under seal for rent, he is estopped to demand rent due at a previous date, but if the acquittance is not under seal, it is evidence merely. In Brewer v. Knapp, 18 Mass. 332, it is held that payment of a subsequent quarter's rent will be considered *prima facie* evidence of the payment for all former quarters. In Ottens v. Fred Krug Brewing Co., 58 Neb. 331, it is held that a receipt for rent covering a particular month affords presumptive evidence that rent previously accruing has been paid. Patterson v. O'Hara, 2 E. D. Smith 58. At either one or two interviews appellant and appellee did have a conversation about this supposed unpaid rent, and it does not appear with absolute certainty whether those interviews were before or after the time when appellee paid appellant the rent from November 1, 1908, to May 1, 1910. The check by which it was paid was in court and was in the hands of the witness and of counsel, and its date was known to court and counsel, but it seems to have been omitted from the bill of exceptions. The court gave an instruction in accordance with the rule of law above quoted, and, as appellant did not have the date of · the check stated in his bill of exceptions, we must assume in support of the instruction that this conversation or these conversations were after she paid the rent. At that time

or times appellant told her the back rent was unpaid, and she told him it was paid, and produced to him the stub of a check drawn by her husband on appellant's bank, and appellant told her. that that was her husband's handwriting but the rent had not been paid. At what was perhaps another time appellant told appellee that he did not see how he could afford to lose that rent, and she replied that she did not see how she could afford to pay it when her husband told her it was paid. She afterwards sued the Banking Company, which was a firm of which appellant was one of the members, for $1,600 and they paid her $1,200 in settlement and she sought to show that this rent was adjusted in that settlement, but was unable to get that fact in evidence because she could not prove that appellant took part in or agreed to that settlement. It was shown that deceased paid the rent at the bank to appellant or to his brother, another member of the banking firm, by check, and that when so paid the check was charged to the account of the deceased on the books of the bank and credited to appellant. Those books were in control of appellant and were not produced.

Appellant insists that, as he testified that this rent was not paid and no one testified that it was paid, the verdict therefore must be set aside. The jury were the judges of the truth of appellant's testimony. It was very unusual that a landlord should allow six semi-annual payments of rent to go unpaid. It was very unusual that he should accept payment from the widow for the current six months and for the next two half-year terms and say nothing to her about the preceding six half-year terms, which he now alleges were unpaid. It was unusual that he should not file a claim against her husband's estate, her husband being the only one with whom he had a contract for the payment of rent. The presumption aforesaid makes for appellee. The jury may have seen that in the demeanor of appellant when testifying that caused them

to doubt the correctness of his testimony. The trial court has approved the verdict. The stub in question, though purporting to be set out in the bill of exceptions, is not contained therein, but the evidence about it indicates that it appeared to show the payment of the last rent prior to November 1, 1908, or more than that, and that appellant acknowledged that the stub was of that purport and was in the handwriting of deceased. He failed to produce the books of the bank in his possession, which would have shown all rent paid by deceased. As appellant admitted that his brother collected the rent several times from deceased, appellant's statement that this rent had not been paid only meant that it had not been paid to him, and that, from what the books showed or his brother told him, he concluded that it had not been paid to his brother. Appellant did not call his brother as a witness. Under all these circumstances we do not feel authorized to reverse the judgment.

The judgment is therefore affirmed.

*Affirmed.*