THIS was an action of trespass, brought against Moore and Cole, by Noland, for assaulting and beat, ing him, and taking and carrying away from his possession a horse beast of the value of two hundred dollars.
Moore and Cole jointly pleaded not guilty; and Cole, in addition, as to the taking of the horse, justified by pleading that he, as constable óf Estill county, under an execution which issued from Moore, a justice of the peace for said county, against the estate of No-land, took the horse and exposed him to sale, in satisfaction of the execution, &c.
Issues were made up to each plea, and verdict rendered and judgment in favor of Moore, and Cole.
In the progress of the trial of the issues in the court below7, after evidence had been introduced, proving the horse had been taken and sold by Cole in the manner alleged in his separate plea, a witness was asked by Moore, whether lie, Moore, had not acted as a justice of the peace in the county of Estill, for ten or fifteen years ? To the answering of the question by the witoesq, -the counsel of Noland objected ; but his objection was ovérruled, and the witness permitted to answer the question.
The question propounded to the witness was objected to on the grounds, 1st, of Moore not having justified in his plea; and 2diy, because the evidence was irrelevant, and not the best evidence of Moore’s being a justice, which the nature of the case was. susceptible of.
Wc think, however, that neither of the grounds relied on against the admission of the evidence, can be sustained, and that the witness w7as properly allowed to answer the question.
2. We admit, that ordinarily, where an action is. brought against a justice oí the peace, and he intends *367 to rely upon his authority as justice, he ought to justify by specially pleading and relying on the fact of his being a justice, and not to depend upon proving the fact under the general issue. Such was the doctrine of the common law, and such we understand to be the present state of the law of this country. The common law, in this respect, has undergone a change m England; but the change has been produced by statutes of modern date, and those statutes have never been adopted In this country. But notwithstanding, in ordinary cases, justices should rely upon their authority by a special plea, we apprehend it was competent, under the circumstances of this case, for Moore to prove that he was a justice when he issued the execution ,* for although he barely pleaded the general issue, his co. defendant, Cole, by special plea, justified the taking of the hofse from Noland, under the execution which issued from Moore as a justice; and if the issue to that plea should be found against Noland, it is impossible to perceive how, on the same trial and by the same jury, Moore, in consequence of issuing the execution, could be found guilty of a trespass, in causing the horse to be taken under the execution. The interest of Moore, therefore, must have been essentially involved in the issue to Cole’s plea of justification, and he ought to be al.lowed to introduce evidence in support of it; and the question put by him to the witness, was unquestionably pertinent to that issue; for the plea alleges Moore to have been a justice of the peace when he issued the execution under which the horse was taken by Cole, and the question put to the witness was calculated to extract from the witness evidence of Moore’s being a justice of the peace. It is true, if Moore were in commission of the peace, he must have derived his appointment from record, and record evidence of his being a justice might have been produced on the trial; but we are not of opinion that it was necessary for Moore to produce record evidence of his appointment. The jut risdiction of a justice is co.extensive with his county j all are bound, to take notice of his being a justice £ and when drawn in question, the fact of his being a justice may be proved by parol evidence. Thus it has been held by the supreme court of New-York, upon the authority of a decision of the court of King’s Bench in England, that in the case of al,l peace oflj. *368 cers, justices of the peace, constables. &c. it is sufficient to prove that they acted in those characters, without proving their appointments — 3 John. Rep. 331. And the same doctrine/was, in substance, recognized by the supreme court of the United States, in the case of Turner vs. Fendall, 1 Cranch 117.
Where in trespass againat a constable, he justifies under an execution from a justice of the peace, he need not produce record evidence of the justice’s appointment ; proving by oral evidence on the trial, that he has acted for a number, of years as such is sufficient.
Where the action is brought jointly againstj the constable & justiejb who have plead a jojhtplea of pot guilty, and the constable only has justified, it is competent to the justice to prove by oral testimony, that he has acted for a number of ¡tears as a justice of the peace.
Where the evidence in. traduced by the plaintiff shows a right to recover, and the defendant introduces ev- • idence partly written and partly oral, proving facts which would clearly destroy that right, the court ought, if required, to instruct the jury, if they believe the evidence' introduced by the defendant, to find for him; but an instruction to find as in case of a non-suit, is manifestly unap propínate and improper.
3. After each party had gone through his evidence, the court below, on the motion of the defendants, instructed the jury to find as in case of a nonsuit; and it remains to decide on the correctness of that instruction.
The instruction, we think, ought not to have been given to the jury. The correctness of the instruction would not be doubted, if the facts which the evidence introduced by Noland conduced to prove, were insufficient to establish his right to recover; but Noland had proved the taking of his horse by Cole, and that evidence, prima facie, was sufficient to show his right to recover; and to rebut or do away the effect of that evidence, it devolved on the defendants to support the facts alleged in Cole’s special plea of justification; and after having introduced evidence for that purpose, it was clearly irregular for the court to give the instruction asked by the defendants. If the evidence given in support of that plea had been altogether in writing, it would, no doubt, have been competent for the court to have decided on ics legal effect; but the evidence' was both of a written and parol character, and the weight of the evidence ought to have been left with the jury.
Instead, therefore, of a positive instruction to the jury, the court ought to have hypothecated its instructions on the opinion of the jury as to the facts which the evidence tended to establish.
The judgment must, consequently, he reversed with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.