ELIZA E. DE WITT, RESPONDENT, *v.* CORNELIUS VAN SCHOYK AND CHARLES FLINT, APPELLANTS.

*Deed — construction of it — parties and privies are estopped from disputing boundary lines established by it — prior oral agreements are merged in it — an agreement affecting the title to land must be in writing — when an equitable action to restrain interference with a highway will lie.*

In 1874 the owners of two parcels of land, separated by a highway, executed conveyances, by which there was conveyed to the plaintiff's grantor all that portion of the premises "lying west of the highway leading through said premises from Merrill's to Scutts," and to the defendant Van Schoyk's grantor all that portion of the premises lying east of the said highway. At that time the highway was opened, used and worked, and its lines were plain and visible. After the parties to this action had acquired title to the said two parcels, the defendants, in 1882, closed up and fenced in a strip on Van Schoyk's side of the old highway, and moved back the fences on the plain-

tiff's side and threw open a portion of her land as a highway. They sought to justify this action under a parol agreement made between the grantors of the two parcels prior to the execution of the deed of 1874:

*Held,* that it was the intention of the parties executing the deed to adopt the lines of the existing highway as the boundaries of the lots, and that their grantees and those claiming under them were estopped from denying the existence of the highway or claiming to alter the boundaries thereof.

That if the parol agreement sought to be proved, was made prior to the execution of the deed, it was merged in it and must be deemed to have been abandoned by the parties.

That if it was made after the execution of the deed, it was void under the statute of frauds, as it related to an interest in land.

That as it appeared that the plaintiff, in order to reach the premises from her residence, which was some two miles distant, was obliged to use said highway, and was accustomed to leave the same at a certain point and proceed in a certain track over her premises to the buildings thereon, and that the wrongful acts of the defendants prevented her from using the said track, and made it necessary for her, in order to reach her buildings, to make a new and longer track over her premises, that she was entitled to maintain an equitable action against the defendants to recover the damages sustained, and to procure a judgment compelling them to open and restore the old highway to its former condition, and restrain them from entering upon and using the plaintiff's premises for the purposes of a highway.

APPEAL from a judgment, entered upon trial of this action at a Special Term of Broome county, awarding to the plaintiff six cents damages against the defendants for having, in the spring of 1882, closed up an old road, and for opening the plaintiff's land to the public " and designedly and intentionally turning public travel from the regular highway on the lands of the plaintiff," and awarding a judgment commanding the defendants " to open and restore the regular public highway to its former condition and to restrain them from entering upon and using as a public highway plaintiff's lands as aforesaid, and to pay to the plaintiff six cents damages, which she had sustained by their wrongful acts, with costs."

Henry Rickard and Joseph Borrill, prior to January 10, 1874, owned the fee of the premises now owned by the plaintiff and the defendant Van Schoyk. One William B. Freeman had been formerly in possession of the premises under a contract for the sale thereof. In January, 1874, conveyances were executed of the premises. Borrill and wife, with William B. Freeman and wife, conveyed to Henry Rickard all that portion of the premises " lying west of the highway leading through said premises from Merrill's to Scutt's."

Rickard, Freeman and wife conveyed to Borrill all that portion of the premises "lying east of the highway leading through said premises from Merrill's to Scutt's." Rickard, on the same day, contracted to sell the portion conveyed to him to Freeman. Subsequently the plaintiff acquired all the interest and title of Rickard in and to the premises "lying west of said highway." Defendant Van Schoyk acquired of Borrill and owned the title to that portion of the lands "lying east of said highway."

In the spring of 1882, the defendants Van Schoyk and Flint changed the highway leading from Merrill's to Scutt's, from its location in January, 1874, by removing the same westward to and upon the plaintiff's lands, and they also plowed up and inclosed the old road. The defendants sought to justify under a parol agreement between Borrill and Rickard. The court found that the highway, as opened, used and worked in 1874, was the boundary line of plaintiff's premises, and that the old highway was at that time open, plain and visible.

*Arthur Moore* and *Alexander Cumming*, for the appellant.

*E. H. Hanford*, for the respondent.

HARDIN, P. J.:

Plaintiff's complaint stated facts sufficient to authorize her to maintain a suit in equity for relief. (*Town of Springport* v. *Teutonia Savings Bank*, 75 N. Y., 397.)

*First.* It avers her ownership of the premises lying westerly of the highway as the same were located in January, 1874.

*Second.* That Van Schoyk is the owner of the premises lying east of said highway leading from Scutt's to Merrill's, and that in the conveyance made in 1874 the highway, as it was then located, was made the dividing line between the owners of the respective premises.

*Third.* That the highway had been open, and used and worked for more than twenty years as a public highway.

*Fourth.* That plaintiff in order to reach her premises from her place of residence, which was some two miles distant, was accustomed to go south to a point and thence upon the highway leading from Scutt's to Merrill's until she arrived at her premises; and that to

reach the buildings belonging to her she had been accustomed to travel in a certain track to said buildings from said highway, leaving the highway at a suitable place about thirty rods north-westerly from the point of intersection of the Tarbill road with said highway.

*Fifth.* That the defendants, in the spring of 1882, entered the highway leading from Scutt's to Merrill's, at or near the intersection of the Tarbill hill road with said highway, and there built a fence across said highway at or near the point of intersection and plowed up and destroyed the road bed and track and so obstructed the highway that the same was impassable and could not be used for highway purposes, and that the public and the plaintiff could not pass along the same; and at another point north-westerly from where the plowing was done they built a fence across the highway of logs and posts so as to form a substantial obstruction, and that the same was kept and maintained by the defendants; and that they inclosed and used the highway for the purposes of cultivation; and that the obstruction and nuisance remained unabated; and that the plaintiff sustains special damages by the closing of said highway, alleging that she and her servants were unable to get upon this land owned and occupied by her without additional labor, trouble and expense.

That the track used by her to reach her buildings is useless unless extended at least thirty rods, and that the plaintiff was obliged and compelled to go on her premises from said highway at another point in said highway, and that to make and prepare new track for her travel she would be put to a large amount of trouble and expense; and she avers she suffered damage by reason of said obstructions to the amount of fifty dollars, and she also avers that the point at which she left the highway to reach her buildings was more convenient and suitable for her use, and that she was compelled to travel at least thirty rods further upon and across her lands and premises to reach the public highway, and tread down and destroy the grass by reason of said nuisance and obstructions caused by the defendants.

The complaint contained a prayer for a decree that the defendants and their servants be enjoined and commanded to abate said nuisance, and remove said obstructions and each and every of them; and that the defendants or their agents   *   *   *   and all

persons claiming under or through them, or either of them, be forever enjoined and restrained from maintaining said nuisance or obstructions in any way or manner whatever, * * * and commanded the defendants to remove the same at once and restore this highway to the use of the plaintiff and the public, as it was prior to the acts of the defendants; and she also prayed for other or further relief. (*Van Brunt* v. *Ahearn*, 13 Hun, 389; *De Laney* v. *Blizzard*, 7 id., 7; S. C., Id., 66; *Knox* v. *The Mayor*, 55 Barb., 404; *Hutchins* v. *Smith*, 63 Barb., 251.)

It may be assumed in January, 1874, when the several conveyances were executed for the premises lying westerly and of the premises lying easterly of the highway in question, that the several grantees were familiar with the actual location of the highway, and that the several deeds were taken with a knowledge of the actual location of the highway. Language found in the deeds is sufficient to show that the parties adopted the highway as the boundary line. (*Rich* v. *Rich*, 16 Wend., 663; *Van Wyck* v. *Wright*, 18 id., 157; *Drew* v. *Swift*, 46 N. Y., 204; *Buffalo, N. Y. and E. R. R. Co.* v. *Stigeler*, 61 id., 348; *Lawrence* v. *Palmer*, 71 id., 607.) The conveyance in referring to the highway in question as a boundary, used the following language, viz.: "The highway leading through said premises from Merrill's to Scutts'." We think the recital of the existence of the highway and the evident intention of the parties to adopt it as a boundary, are sufficient to estop the grantees or parties holding under them from denying the existence of the highway and from claiming the boundary line otherwise than as stated in said deeds. (*Sinclair* v. *Jackson*, 8 Cow., 586; *Torrey* v. *Bank of Orleans*, 9 Paige, 649; *Jackson* v. *Hasbrouck*, 3 Johns., 331.) Appellants insist that they were authorized to change the location of the highway by virtue of a parol agreement, authorizing such change of location. We are of the opinion that the position taken by the appellants in that regard cannot be sustained.

*First.* If the parol agreement was made prior to the execution of the deeds, in the absence of any averment of mistake in respect to the deeds, and in the absence of any reformation of them, it must be held that the deeds are controlling evidence in respect to the intentions of the parties; and that if any parol agreement existed at the time of the execution of the deeds it was the intention of the

parties that the same should be abandoned and their several understandings in respect to the boundary line merged in the written conveyance. If the parol agreement was made subsequently to the execution of the deeds, then the same was void under the statute of frauds as it related to an interest in real estate. (*Marie* v. *Garson*, 13 Abb. N. C., 210.)

Construing the agreement, if made as the defendants claim, it amounted at most to a consent on the part of the owner of the land upon the west side of the highway; that such portion as was necessary for a new road should be dedicated to the public or sold to the owners of the land on the west side for the stipulated price of eighty dollars. At law such an agreement would be void because not in writing. In equity it must be treated as void because it has not been executed and performed, unless it appears that it would be a fraud to allow the validity thereof to be questioned. Before such an agreement should be enforced in equity it must be made to appear that there has been a full performance upon one part, relying upon the existence of the parol agreement. Here it appears by the evidence that the eighty dollars never was paid. It appears that, in an interview held with the defendant Van Schoyk, he at one time asserted that the consideration price was fifty dollars, and in that interview he declined to pay the sum of eighty dollars. While he was making changes he was notified that the parol agreement, as claimed by him, was repudiated.

We think there was no acquiescence or assent on the part of the plaintiff or her predecessor which should estop her from questioning the validity of the supposed parol agreement. (*Hutchins* v. *Smith*, 63 Barb., 259; *Vosburgh* v. *Teator*, 32 N. Y., 561; *Ambler* v. *Cox*, 13 Hun, 295; *Williams* v. *Montgomery*, 16 id., 50; *Wheeler* v. *Reynolds*, 66 N. Y., 227.)

We are of the opinion that the plaintiff established such an interest in the highway and the use thereof as authorized her to maintain an action to have the obstructions placed therein by the defendants removed, and to authorize her to recover such damages as she specially sustained by reason of the existence of the obstructions and nuisance caused by the defendants.

We think a proper case was made out for the interference of a court of equity. The obstructions were a continuing nuisance and

she had a right to come into a court of equity and invoke its restraining powers and thus prevent a multiplicity of actions, and she ought to be permitted to recover her damages incidental to the equitable relief. (*Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y., 111; *Corning* v. *Troy Iron and Nail Factory*, 40 id., 191; *Davis* v. *Lambertson*, 56 Barb., 480.)

We think it is no answer to the plaintiff's case or any part thereof to say that the plaintiff might have maintained actions of trespass against parties crossing her lands over the newly located road. Such a course would necessarily give rise to a multiplicity of actions and the occasion for such actions might continue for a long period of time, and the plaintiff might find her relief in courts of law inadequate.

We think the plaintiff made out a case for the equitable relief which was given to her at the Special Term, and as we have before said, the complaint was a suitable one in equity.

*Bockes* v. *Lansing* (74 N. Y., 437), cited by the appellants in support of the position that it is not competent for a court to determine the rights of parties to real estate in dispute, when not within the issue, does not aid him. In that case it was said that under a complaint framed solely for equitable relief the court was authorized to give a judgment as in ejectment in an action at law.

We think the complaint in this case, together with the defendant's answer, clearly brought the matters referred to in the decision pronounced at Special Term within the issues framed by the parties. (*Lattin* v. *McCarty*, 41 N. Y., 107.)

It is insisted that the judgment should be reversed because it goes beyond the scope of the complaint and grants relief not demanded. It may be observed that the complaint, in our judgment, was sufficiently broad to justify the relief given under it. The specific relief was demanded in a prayer or a general clause asking for such other or further relief as the court should deem just and proper.

Again, after a defendant has appeared and answered, the prayer of the plaintiff's complaint is not the exact limit of the relief which may be given. It is declared in section 1207 of the Code of Civil Procedure, viz.: "Where there is an answer the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issue."

We think there is no force in the objections made by the appellants to the findings of the court in respect to special damages. It is averred in the complaint that she has sustained special damages by reason of having been obliged to travel further across her lands in consequence of the obstructions put upon the highway by the defendants. Such facts are found. While there is no evidence measuring the extent of the damages which plaintiff has suffered, it is unimportant to suppose that the award of damages in this case is only nominal, and that damages she has sustained in consequence of the obstructions certainly ought not to be measured in a less sum than six cents as stated in the findings of the court below, because it incidentally appeared in the findings that by the opening of the new road parties. have committed trespass on plaintiff's lands, and she has sustained damages thereby. The award of six cents for placing obstructions across the highway is not shown to be excessive.

Our views, as already expressed, lead us to sustain the decision of the learned judge at Special Term. Our attention has been called to some exceptions in the course of the trial and refusals to find, and we have discovered no error calling upon us to interfere with the decision below. This being an equitable action, this court is called upon to disregard any error occurring in the course of the trial, if it "is of the opinion that substantial justice does not require that a new trial should be granted." (Code of Civil Procedure, § 1003; *Henderson* v. *Fullerton*, 54 How., 422.) We are of the opinion that a new trial ought not to be granted.

Judgment affirmed, with costs.

BOARDMAN and FOLLETT, JJ., concurred.

So ordered.